THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
NEW REFLECTIONS PLASTIC )
SURGERY, LLC )
)
                           Plaintiff, )    Case No. _____
)
-against- )    JURY TRIAL DEMANDED
)
REFLECTIONS CENTER FOR SKIN )
AND BODY, PC, )
)
                           Defendant. )

## COMPLAINT

Plaintiff New Reflections Plastic Surgery LLC ("New Reflections" or "Plaintiff"), by its attorneys Meredith & Keyhani, PLLC, for its Complaint against defendant Reflections Center for Skin and Body, PC ("Reflections Center" or "Defendant") alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 et seq. that Defendant's REFLECTIONS mark is invalid/unenforceable and Plaintiff's use of its NEW REFLECTIONS PLASTIC SURGERY mark does not constitute trademark infringement, unfair competition, or false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125 and applicable New Jersey and New York state laws.

2. On information and belief, Defendant claims ownership and trademark rights in the word REFLECTIONS.

### THE PARTIES

3. New Reflections is a cosmetic surgery practice that was incorporated on August 23, 2007 as an LLC under the laws of the State of New Jersey with a place of business at 1001

West Main Street, Freehold, New Jersey 07728.

4. New Reflections' services include comprehensive invasive and noninvasive cosmetic procedures for the face, breast, and body including breast augmentation, thigh and arm lifts, rhinoplasty, face lifts, and ab sculpting.

5. New Reflections advertises and markets its services and medical procedures on the internet to prospective patients nationally. New Reflections' website focuses its search optimization to prospective patients in the New Jersey and New York City areas.

6. On information and belief, Reflections Center is medical spa with locations at 299 East Northfield Road, Livingston, New Jersey 07039 and 1924 Washington Valley Road, Martinsville, New Jersey 08836.

7. Reflections Center claims to offer skin and body treatment services including microderm abrasion, body/skin treatments, and massages.

8. Reflections Center claims to have a reputation as being one of the country's leading cosmetic rejuvenation centers with nationally recognized physicians.

9. Reflections Center claims to have been featured on national media outlets including the Today Show, Good Morning America, and The Doctors and all major New York City stations including PIX11 News NY, WCBS New York, and Good Day New York.

**JURISDICTION AND VENUE**

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367(a) and 1338(a) and (b) and 15 U.S.C. § 1121, in that this case arises under the trademark laws of the United States, namely, the Lanham Act, 15 U.S.C. § 1051 et seq. This Court also has the power to issue the declarations sought pursuant to 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).

11. Defendant is subject to the personal jurisdiction of this Court because Defendant regularly advertises, markets, and provides services to customers in the State of New Jersey, within this District.

12. Venue of this action is proper in the District of New Jersey under 28 U.S.C. § 1391(a) because Defendant is a resident of New Jersey as it maintains its principal place of business in this State.

## FACTUAL BACKGROUND

13. Plaintiff re-avers and re-states the foregoing Paragraphs 1-12 inclusively as if fully set forth herein.

14. Plaintiff has been operating New Reflections Plastic Surgery for over nine years and has invested substantially in marketing and advertising its NEW REFLECTIONS PLASTIC SURGERY mark connection with its business.

15. Plaintiff has operated its website, www.newreflectionsps.com, continuously since at least as early as September 2007.

16. On September 12, 2016 Defendant sent a cease and desist letter to Plaintiff asserting that Plaintiff's use of REFLECTIONS constitutes infringement and unfair competition and demanded that Plaintiff "immediately and permanently cease and desist any and all use of the infringing REFLECTIONS trademark and/or any confusingly similar variations [on its] website or anywhere else."

17. Defendant's letter threatened that if Plaintiff did not act by a specific date Defendant would be forced to "consider any and all legal remedies."

18. For nine years prior to Defendant's cease and desist letter, Defendant made no attempts to assert its alleged rights against Plaintiff.

19. The Reflections mark has been registered with the USPTO by third parties and used in connection with services related to those of Defendant that may claim priority over Defendant's alleged rights.

20. There presently exists a justiciable controversy regarding Plaintiff's right to use any and all forms of its mark free of any allegation by Defendant that such conduct constitutes an infringement of trademark rights allegedly owned by Defendant.

## FIRST CLAIM FOR RELIEF
## (INVALIDITY/UNENFORCEABILITY OF TRADEMARK)

21. Plaintiff re-avers and re-states the foregoing Paragraphs 1-20 inclusively as if fully set forth herein.

22. This is a declaratory judgment action under the Trademark Laws of the United States, 15. U.S.C. § 1051 et seq., the Lanham Act, 15 U.S.C. § 1125 et seq., and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation, Plaintiff seeks relief from this Court.

23. Plaintiff requests an order declaring that Defendant's mark lacks the requisite legal requirements to be protectable and enforceable including prior use by third parties.

## SECOND CLAIM FOR RELIEF
## (NON-INFRINGEMENT OF TRADEMARKS)

24. Plaintiff re-avers and re-states the foregoing Paragraphs 1-23 inclusively as if fully set forth herein.

25. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1051 et. seq., the Lanham Act, 15 U.S.C. § 1125 et seq., 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act), and under the laws of the states of New Jersey and

New York.  As an actual justiciable controversy exists by way of the credible threat of immediate litigation, Plaintiff seeks relief from the Court.

26. Plaintiff is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark rights owned by Defendant under the Lanham Act or New Jersey or New York state law.

**THIRD CLAIM FOR RELIEF**
**(NO UNFAIR COMPETITION)**

27. Plaintiff re-avers and re-states the foregoing Paragraphs 1-26 inclusively as if fully set forth herein.

28. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1051 et. seq., the Lanham Act, 15 U.S.C. § 1125 et seq., 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act), and under the laws of the states of New Jersey and New York.  As an actual justiciable controversy exists by way of the credible threat of immediate litigation, Plaintiff seeks relief from the Court.

29. Plaintiff seeks a declaratory judgment that its past use and continued use of its NEW REFLECTIONS PLASTIC SURGERY mark does not unfairly compete with Defendant under the Lanham Act or New Jersey or New York state law.

**FOURTH CLAIM FOR RELIEF**
**(NO FALSE DESIGNATION OF ORIGIN)**

30. Plaintiff re-avers and re-states the foregoing Paragraphs 1-29 inclusively as if fully set forth herein.

31. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1051 et. seq., the Lanham Act, 15 U.S.C. § 1125 et seq.,and 28 U.S.C. §§

2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation, Plaintiff seeks relief from the Court.

32. Plaintiff seeks a declaratory judgment that its past and continued use of the NEW REFLECTIONS PLASTIC SURGERY mark is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation, or as to the origin, sponsorship or approval of the parties' respective services or businesses, and does not constitute a false designation or origin under the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT FIVE
## (DECLARATORY JUDGMENT ON EQUITABLE GROUNDS)

33. Plaintiff re-avers and re-states the foregoing Paragraphs 1-32 inclusively as if fully set forth herein.

34. Defendant has been or should have been fully aware of Plaintiff's use and promotion of its NEW REFLECTIONS PLASTIC SURGERY mark since at least as early as 2007.

35. Plaintiff relied on Defendant's silence and inaction in using and promoting its mark.

36. Plaintiff would be unfairly prejudiced by any attempt by Defendant to institute any action with respect to Plaintiff's use or promotion of its NEW REFLECTIONS PLASTIC SURGERY mark in connection with its business.

37. Defendant is barred from instituting any action with respect to Plaintiff's use or promotion of its NEW REFLECTIONS PLASTIC SURGERY mark in connection with its business, based on laches and estoppel.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment awarding the following relief:

(a) An order declaring that Defendant's REFLECTIONS mark is invalid and unenforceable;

(b) An order declaring that Plaintiff's past, present and continued use of its NEW REFLECTIONS PLASTIC SURGERY mark in connection with its business does not and will not infringe Defendant's REFLECTIONS trademark, or compete unfairly with Defendants, or falsely designate the origin of Plaintiff's services or business, or otherwise constitute a violation of any of Defendant's rights;

(c) An order awarding attorneys' fees, costs and expenses incurred in connection with this action to Plaintiff; and

(d) An order awarding such other and further relief as this Court deems just and proper.

Date: November 15, 2016

By: /s/ Darius Keyhani
Darius Keyhani
MEREDITH & KEYHANI, PLLC
5 Independence Way, Suite 300
Princeton, NJ 08540
(609) 945-7406 Telephone
(609) 228-4031 Facsimile
dkeyhani@meredithkeyhani.com
*Attorneys for Plaintiff*