Gregg A. Paradise
Aaron S. Eckenthal
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:   908.654.7866

*Attorneys for Defendant Reflections Center for Skin and Body, PC*

**Document Filed Electronically**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW REFLECTIONS PLASTIC SURGERY, LLC, | Civil Action No. 16-8523-FLW-TJB |
| Plaintiff, | Freda L. Wolfson, U.S.D.J. |
| v. | Tonianne J. Bongiovanni, U.S.M.J. |
| REFLECTIONS CENTER FOR SKIN AND BODY, PC, | |
| Defendant. | |

### ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM

Defendant Reflections Center for Skin and Body, PC ("Reflections" or "Defendant"), by its attorneys Lerner, David, Littenberg, Krumholz & Mentlik, LLP responds to Plaintiff New Reflections Plastic Surgery, LLC's ("New Reflections" or "Plaintiff") Amended Complaint as follows:

### PRELIMINARY STATEMENT

1. Defendant admits that this is purportedly an action for a declaratory judgment under 28 U.S.C. §§ 2201 *et seq.* Defendant denies that its REFLECTIONS mark is invalid/unenforceable and that Plaintiff's use of its NEW REFLECTIONS PLASTIC SURGERY mark does not constitute trademark infringement, unfair competition, or false designation of

origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125 and applicable New Jersey and New York state laws and that its NJ Reg. No. 20852 should be subject to cancellation.

2. Defendant admits that it has ownership and trademark rights in the word REFLECTIONS.

## THE PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies them.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies them.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore denies them.

6. Defendant admits that it has locations at 299 East Northfield Road, Livingston, New Jersey 07039 and 1924 Washington Valley Road, Martinsville, New Jersey 08836, but denies the remainder of the allegations in paragraph 6 of the Complaint.

7. Admitted.

8. Admitted.

9. Admitted.

## JURISDICTION AND VENUE

10. Admitted.

11. Admitted.

12. Admitted.

## FACTUAL BACKGROUND

13. Defendant incorporates by reference its responses to paragraphs 1-12 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies them.

16. Admitted.

17. Defendant denies that its letter of September 12, 2016, threatened Plaintiff in any way whatsoever if Plaintiff did not act by a specific date. Defendant admits that its letter of September 12, 2016, reserved its rights to consider any and all legal remedies available to protect the goodwill of its REFLECTIONS trademark.

18. Defendant admits that its September 12, 2016 letter was the first time Defendant contacted Plaintiff, but denies the remainder of the allegations in paragraph 18 of the Complaint.

19. Denied.

20. Admitted.

**FIRST CLAIM FOR RELIEF**
**(INVALIDITY/UNENFORCEABILITY OF TRADEMARK)**

21. Defendant incorporates by reference its responses to paragraphs 1-20 of the Complaint.

22. Defendant admits that this is purportedly a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, the Lanham Act, 15 U.S.C. §§ 1125 *et seq.*, and 28 U.S.C. §§ 2201 and 2202. Defendant admits that an actual justiciable controversy exists. Defendant denies the remainder of allegations in paragraph 22 of the Complaint, including that Plaintiff is entitled to any such relief from this Court.

23. Paragraph 23 of the Complaint does not consist of factual assertions requiring a response. However, Defendant denies that Plaintiff is entitled to an order declaring that

Defendant's mark lacks the requisite legal requirements to be protectable and enforceable including prior use by third parties.

## SECOND CLAIM FOR RELIEF
### (NON-INFRINGEMENT OF TRADEMARKS)

24. Defendant incorporates by reference its responses to paragraphs 1-23 of the Complaint.

25. Defendant admits that this is purportedly a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, the Lanham Act, 15 U.S.C. §§ 1125 *et seq.*, 28 U.S.C. §§ 2201 and 2202, and under the laws of the states of New Jersey and New York.  Defendant admits that an actual justiciable controversy exists.  Defendant denies the remainder of allegations in paragraph 25 of the Complaint, including that Plaintiff is entitled to any such relief from this Court.

26. Paragraph 26 of the Complaint does not consist of factual assertions requiring a response.  However, Defendant denies that Plaintiff is entitled to an order declaring that Plaintiff is not infringing, has not infringed, and is not liable for infringing enforceable trademark rights owned by Defendant under the Lanham Act or New Jersey or New York state law.

## THIRD CLAIM FOR RELIEF
### (NO UNFAIR COMPETITION)

27. Defendant incorporates by reference its responses to paragraphs 1-26 of the Complaint.

28. Defendant admits that this is purportedly a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, the Lanham Act, 15 U.S.C. §§ 1125 *et seq.*, 28 U.S.C. §§ 2201 and 2202, and under the laws of the states of New Jersey and New York.  Defendant admits that an actual justiciable controversy exists.  Defendant denies the

remainder of allegations in paragraph 28 of the Complaint, including that Plaintiff is entitled to any such relief from this Court.

29. Paragraph 29 of the Complaint does not consist of factual assertions requiring a response. However, Defendant denies that Plaintiff is entitled to a declaratory judgment that its past use and continued use of its NEW REFLECTIONS PLASTIC SURGERY mark does not unfairly compete with Defendant under the Lanham Act or New Jersey or New York state law.

**FOURTH CLAIM FOR RELIEF**
**(NO FALSE DESIGNATION OF ORIGIN)**

30. Defendant incorporates by reference its responses to paragraphs 1-29 of the Complaint.

31. Defendant admits that this is purportedly a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, the Lanham Act, 15 U.S.C. §§ 1125 *et seq.* and 28 U.S.C. §§ 2201 and 2202. Defendant admits that an actual justiciable controversy exists. Defendant denies the remainder of allegations in paragraph 31 of the Complaint, including that Plaintiff is entitled to any such relief from this Court.

32. Paragraph 32 of the Complaint does not consist of factual assertions requiring a response. However, Defendant denies that Plaintiff is entitled to a declaratory judgment that its past use and continued use of the NEW REFLECTIONS PLASTIC SURGERY mark is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation, or as to the origin, sponsorship, or approval of the parties' respective services or businesses, and does not constitute a false designation or origin under the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT FIVE
## (DECLARATORY JUDGMENT ON EQUITABLE GROUNDS)

33. Defendant incorporates by reference its responses to paragraphs 1-32 of the Complaint.

34. Denied.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies them.

36. Denied.

37. Denied.

## COUNT SIX
## (TRADEMARK CANCELLATION)

38. Defendant incorporates by reference its responses to paragraphs 1-37 of the Complaint.

39. Defendant admits that it is the owner of NJ Reg. No. 20852 for the REFLECTIONS mark in New Jersey.

40. Denied.

## RESPONSE TO REQUEST FOR RELIEF

Defendant maintains that Plaintiff is not entitled to any relief in this action as requested or otherwise and that Defendant is instead entitled to the relief requested from its Counterclaim as set forth below.

## COUNTERCLAIMS

Defendant-Counterclaimant Reflections Center for Skin and Body, PC ("Reflections" or "Counterclaimant"), by its undersigned attorneys, hereby states its counterclaims for relief against Plaintiff New Reflections Plastic Surgery, LLC ("New Reflections").

## PARTIES

1. Counterclaimant is a professional corporation organized and existing under the laws of the State of New Jersey, with a business address of 299 East Northfield Road, Livingston, New Jersey 07039.

2. Upon information and belief, Counterdefendant New Reflections is a cosmetic surgery practice that was incorporated on August 23, 2007, as a limited liability company under the laws of the State of New Jersey with a place of business at 1001 West Main Street, Freehold, New Jersey 07728.

## JURISDICTION AND VENUE

3. This is an action for: (1) violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) Unfair Competition at Common Law; (3) Unfair Competition Under N.J.S.A. § 56:4-1; and (4) violation of the New Jersey Trademark Act, N.J.S.A. 56:3-13a *et seq.*

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, based on claims arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

5. Supplemental jurisdiction exists for violation of the New Jersey Trademark Act, N.J.S.A. 56:3-13a *et seq.*; and Unfair Competition under N.J.S.A. § 56:4-1, arising from the same facts as set forth within these counterclaims.

6. This Court has supplemental jurisdiction over claims for Common Law Unfair Competition arising from the same facts as set forth within these counterclaims.

7. Personal jurisdiction exists because New Reflections has availed itself to this Court by filing a declaratory judgment action. In addition, jurisdiction exists because New

Reflections regularly advertises, markets, and provides services to customers in the State of New Jersey, within this district.

8. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391(a) because New Reflections is a resident of New Jersey as it maintains its principal place of business in this State.

**FACTUAL BACKGROUND**

9. All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

10. Counterclaimant's Reflections Center for Skin & Body has existed since December 2000, and specializes in providing women and men across New Jersey with noticeable, but natural-looking cosmetic results, with services including: plastic surgery, laser skin procedures, Botox® and filler applications, general skin care, and massage, among others.

11. Counterclaimant operates the website, www.reflectionscenter.com, which has been in continuous use since at least as early as December 2000.

12. On or about November 16, 2001, the REFLECTIONS trademark was registered (NJ Reg. No. 20852) with the Treasurer of The State of New Jersey for the services of: skin and body treatment services, including microderm abrasion, body/skin treatments, massages, etc. A copy of the Registration certificate is attached as Exhibit A.

13. Counterclaimant is the assignee of the Registration for the REFLECTIONS mark (Mark Reg. No. 20852).

14. The Registration for the REFLECTIONS mark (Reg. No. 20852) was renewed prior to the expiration date of November 16, 2016, and is currently a live mark.

15. Counterclaimant utilizes its REFLECTIONS mark in a larger font appearing above the words "center for skin & body." Such is prominently displayed on Counterclaimant's website.

16. Counterdefendant New Reflections is a plastic surgery practice that offers services such as: face procedures, including rhinoplasty, eyelid lift, facelift, neck lift, lip augmentation, earlobe repair; breast procedures, including breast augmentation, breast lift, breast reduction, breast reconstruction; body procedures, including tummy tuck, labiaplasty, liposuction, male breast reduction, mommy makeover, arm lift, Brazilian butt lift, thigh lift; men sculpsure, laser liposuction, Ab sculpting, eyelid lift, gynecomastia; noninvasive procedures, including sculpsure, laser peel, micro laser peel, weeked peel, artic peel, photofacial, fractional resurfacing; Injectables & Skin Care procedures, including Botox®, Xeomin, Dysport, Juvederm™, Voluma®, Sculptra, Belotero®, and Radiesse®.

17. New Reflections' services overlap with the services offered by Counterclaimant and are directly competitive to the services offered by Counterclaimant.

18. New Reflections owns and operates the website http://www.newreflectionsps.com, which utilizes the REFLECTIONS mark in a confusingly similar manner as Counterclaimant.

19. New Reflections displays Counterclaimant's REFLECTIONS mark in larger font above the words "Plastic Surgery Nikesh K Patel MD." Such display can be seen on New Reflections' website, and is likely to cause confusion with Counterclaimant's REFLECTIONS mark.

20. On or about September 12, 2016, Counterclaimant sent a letter to New Reflections advising of its ownership of New Jersey State Trademark Registration No. 20852

(Registered November 16, 2001) for REFLECTIONS, and requested that New Reflections cease and desist any and all use of the REFLECTIONS mark.

21. Rather than reply or comply with Counterclaimant's request to cease and desist use of Counterclaimant's REFLECTIONS mark, New Reflections filed the present action.

## FIRST COUNTERCLAIM
## Unfair Competition In Violation Of 15 U.S.C. § 1125(a), Lanham Act § 43(a)

22. All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

23. On information and belief, New Reflections has sold, and continues to sell, services such as skin and body treatment services, including microderm abrasion, body/skin treatments, massages, and related treatments, which are marketed to customers using the REFLECTIONS mark, a New Jersey State registered mark.

24. New Reflections' use of the REFLECTIONS mark in connection with offering its goods constitutes false designations of origin and false description or representation that tends to falsely describe and represent its services as in some way sponsored, authorized, approved, or affiliated with those of Counterclaimant.

25. New Reflections' false misrepresentation constitutes acts of unfair competition in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

26. Discovery will show that the aforesaid acts of New Reflections were committed willfully, knowingly, maliciously, and/or in conscious disregard of its legal obligations to Counterclaimant.

27. The aforesaid conduct of New Reflections has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable injury to Counterclaimant's property and business.

28. Counterclaimant has no adequate remedy at law.

## SECOND COUNTERCLAIM
## Common-Law Unfair Competition

29. All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

30. The aforesaid acts of New Reflections in using the REFLECTIONS mark in a confusingly similar manner to that of Counterclaimant constitute unfair competition and unfair business practices contrary to the common laws of the State of New Jersey.

31. Discovery will show that the aforesaid acts of the New Reflections was committed willfully, knowingly, maliciously, and/or in conscious disregard of its legal obligations to Counterclaimant.

32. The aforesaid conduct of New Reflections has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable injury to Counterclaimant's business.

33. Counterclaimant has no adequate remedy at law.

## THIRD COUNTERCLAIM
## Unfair Competition Under N.J.S.A. § 56:4-1

34. All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

35. New Reflections has appropriated, for its own use, a name, brand, trademark, reputation, or goodwill of Counterclaimant in violation of N.J.S.A. § 56:4-1.

36. Discovery will show that the aforesaid acts by New Reflections were committed willfully, knowingly, maliciously, and/or in conscious disregard of its legal obligations to Counterclaimant.

37. The aforesaid conduct by New Reflections caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Counterclaimant's property and business.

38. Counterclaimant has no adequate remedy at law.

## FOURTH COUNTERCLAIM
### Trademark Infringement Under N.J.S.A. § 56:3-13a *et seq*

39. All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

40. New Reflections' unauthorized use of the REFLECTIONS mark, particularly in connection with its skin and body treatment services, is likely to cause confusion, or to cause mistake, or to deceive Counterclaimant's customers or potential customers.

41. Discovery will show that the aforesaid acts by New Reflections were committed willfully, knowingly, maliciously, and in conscious disregard of its legal obligations to Counterclaimant.

42. The aforesaid conduct by New Reflections has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Counterclaimant's business.

43. Counterclaimant has no adequate remedy at law.

### REQUESTED RELIEF

WHEREFORE, Counterclaimant demands judgment as follows:

A. A preliminary and permanent injunction enjoining New Reflections and its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, from using REFLECTIONS, or any other name or trademark that

contains the words "REFLECTIONS" or that would be confusingly similar to Counterclaimant's REFLECTIONS mark;

B.  A preliminary and permanent injunction enjoining New Reflections and its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them from reproducing, making, reprinting, publishing, displaying, manufacturing, selling, offering for sale, promoting, advertising, distributing, and/or commercially employing in any manner, either directly or indirectly, printed products or other articles on which are imprinted or which display REFLECTIONS, or any other trademark that contains the word "REFLECTIONS" or that would be confusingly similar to Counterclaimant's REFLECTIONS mark;

C.  An order barring New Reflections from applying to register, registering, or maintaining any URL that contains the REFLECTIONS mark or confusingly similar marks or combinations;

D.  An order barring New Reflections from using the REFLECTIONS mark or confusingly similar marks as background text, hidden text, or encoded information on any website or for the purpose of attracting or for identification or cataloging by any search engine;

E.  An accounting to determine New Reflections' profits in connection with sales of its services under REFLECTIONS, or any mark, badge, or designation likely to be confused with Counterclaimant's REFLECTIONS mark, and an award to Counterclaimant of such profits;

F.  An award of compensatory damages arising out of New Reflections' infringement of Counterclaimant's REFLECTIONS mark;

G.  An award of punitive damages arising out of New Reflections' violations;

      H.      An award by the Court to Counterclaimant of its reasonable attorney fees and the costs of this action;

      I.      Prejudgment and postjudgment interest on the above monetary awards; and

      J.      Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Counterclaimant hereby demands a jury trial on all issues so triable raised in this action.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
*Attorneys for Defendant Reflections*
  *Center for Skin and Body, PC*

Dated: May 25, 2017      By: s/ Aaron S. Eckenthal
    Aaron S. Eckenthal
    Tel:   908.654.5000
    E-mail: gparadise@lernerdavid.com
         aeckenthal@lernerdavid.com
         litigation@lernerdavid.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, the case *New Reflections Plastic Surgery LLC v. Reflections Center for Skin and Body, PC*, Civil Action No. 16-7639-LGS was filed in the United States District Court for the Southern District of New York on September 29, 2016, and terminated on November 15, 2016. Neither Defendant nor Defendant's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated: May 25, 2017      LERNER, DAVID, LITTENBERG,
    KRUMHOLZ & MENTLIK, LLP
  *Attorneys for Defendant Reflections*
    *Center for Skin and Body, PC*

    By: s/ Aaron S. Eckenthal
    Aaron S. Eckenthal
    Tel:   908.654.5000
    E-mail: aeckenthal@lernerdavid.com
         litigation@lernerdavid.com