THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW REFLECTIONS PLASTIC SURGERY, LLC §§§§§ Plaintiff, §§ vs. § REFLECTIONS CENTER FOR SKIN AND BODY, PC, §§§§§ Defendant. | Civil Action No. 3:16-cv-08523-FLW-TJB  JURY TRIAL DEMANDED |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. Plaintiff New Reflections Plastic Surgery LLC is a cosmetic surgery practice that was founded in August 2007 by owner Dr. Nikesh Patel. Deposition of Dr. Nikesh Patel (Nov. 16, 2017) (Ex. A), 12:3-4, 7-10.

2. Plaintiff is located in Freehold, New Jersey, and its services include comprehensive invasive and noninvasive cosmetic procedures for the face, breast, and body including breast augmentation, thigh and arm lifts, rhinoplasty, face lifts, and ab sculpting. Declaration of Dr. Nikesh Patel (Ex. B), ¶¶ 1-2.

3. Plaintiff advertises and markets its services and medical procedures on the internet to prospective patients nationally. Patel Decl. (Ex. B), ¶ 5.

4. Plaintiff has operated its website, www.newreflectionsps.com, continuously since at least as early as September 2007. Patel Decl. (Ex. B), ¶ 3.

5. Plaintiff's website focuses its search optimization to prospective patients in the New Jersey and New York City areas. Patel Decl. (Ex. B), ¶ 5.

6. Plaintiff has spent a significant amount of time and money on marketing and search optimization. Patel Depo. (Ex. A), Ex. D-14 (invoice for website design totaling $5450.00 plus $450.00 per month upon completion of website), D-16 (invoice totaling $8800.00 for digital marketing); D-17 & D-18 (website ranking reports); D-20 (web marketing report); Patel Decl. (Ex. B), ¶¶ 4-5.

7. Plaintiff was highly ranked on various internet search terms, including "new jersey plastic surgeon," "plastic surgery new jersey," and "New Reflections Plastic Surgery." Patel Decl. ¶¶ 4-5; Patel Depo. (Ex. A), Ex. D-17, D-18, D-20.

8. Plaintiff has purchased online local and regional newspaper and magazine advertisements. Patel Decl. (Ex. B), ¶ 4.

9. Since its inception, Plaintiff has invested approximately $700,000 to grow its business and advertise, publicize, and promote its services. Patel Decl. (Ex. B), ¶ 8.

10. Defendant is a medical spa owned by Dr. Mitchell Chasin and is also located in New Jersey. Deposition of Dr. Mitchell Chasin (Nov. 2, 2017) (Ex. C), 8:19-25.

11. Defendant provides services including laser treatments for acne, rejuvenation, scars, tattoo removal, facials, and massage services. Chasin Depo. (Ex. C), Ex. P-5.

12. Reflections Center for Skin and Body was started as a part of Priority Medical Care by Dr. Chasin in around 2000. Chasin Depo. (Ex. C), 31:5-12.

13. Defendant started to use the name "Reflections Center for Skin and Body" around the year 2000. Chasin Depo. (Ex. C), 31:11-12, 144:15-18.

14. Priority Medical Care, a business co-owned by Dr. Chasin, registered the mark on November 16, 2001, and was the original owner of NJ Reg. No. 20852, "REFLECTIONS." Chasin Depo. (Ex. C), Ex. P-2.

15. According to the November 16, 2001 registration, Priority Medical Care's first use of the REFLECTIONS mark in New Jersey was on December 1, 2000. Chasin Depo. (Ex. C), Ex. P-2.

16. In 2011, Priority Medical Care assigned the REFLECTIONS mark to Reflections of Livingston, LLC, Deposition of Dr. Ian Brodrick (Feb. 9, 2018) (Ex. D), Ex. P-3; Chasin Depo (Ex. C), 56:17-57:25, an entity in which Dr. Chasin "[h]ad or ha[s]" ownership, Chasin Depo. (Ex. C), 54:13-25, 55:3-8, 55:14-22.

17. In November 2016, Reflections of Livingston filed in New Jersey an Application to Assign a Registered Trade or Service Mark to Defendant. Chasin Depo. (Ex. C), Ex. P-2.

18. On November 3, 2016, Defendant filed in New Jersey an Application to Renew a Registered Trade or Service Mark for trademark number 20852, "REFLECTIONS." Chasin Depo. (Ex. C), Ex. P-2.

19. In this application, Defendant "attest[ed] that [it was] the owner of the mark, and that the mark is still in use in this State." Chasin Depo. (Ex. C), Ex. P-2.

20. According to Defendant, on "[b]usiness cards normally it would be Reflections Center for Skin and Body," not "Reflections." Chasin Depo. (Ex. C), 38:25-39:3.

21. In response to Plaintiff's request, Defendant did not produce any marketing materials or any documentation specifically using the term "Reflections" by itself. Chasin Depo. (Ex. C), 39:7-41:4.

22. Dr. Ian Brodrick, who co-owned the Priority Medical Care practice with Dr. Chasin, could not recall the name REFLECTIONS being used by the business on any sign, letterhead, or name card. Brodrick Depo. (Ex. D), 25:23-26:15.

23. Dr. Brodrick recalled that the name "Reflections Center for Skin and Body" "was always together," as was the name "Reflections of Livingston." Brodrick Depo. (Ex. D), 42:7-43:6.

24. It was Dr. Brodrick's understanding that, when someone entered the office, it was designated "Reflections Center for Skin and Body"—not "Reflections." Brodrick Depo. (Ex. D), 43:7-44:1.

25. The REFLECTIONS mark has been registered with the USPTO by third parties and used in connection with services related to those of Defendant that may claim priority over Defendant's alleged rights. Chasin Depo. (Ex. C), Ex. P-3, P-6.

26. On October 31, 2006, Brandywine Senior Care, Inc., a medical and health care business located in the state of New Jersey, was granted a federal trademark for its REFLECTIONS mark, which it had used in commerce since May 1, 2000. Chasin Depo. (Ex. C), Ex. P-3.

27. Brandywine, like Defendant, provides health and medical services in New Jersey, and both belong to U.S. classes 100 and 101 and international class 44 (medical and beauty services). Chasin Depo. (Ex. C), Ex. P-3, P-6.

28. Defendant applied for federal registration of the mark "REFLECTIONS CENTER FOR SKIN & BODY" on October 4, 2008. Chasin Depo. (Ex. C), Ex. P-5.

29. In its application for federal trademark registration, Defendant asserted that its first use and use in commerce of the mark "REFLECTIONS CENTER FOR SKIN & BODY" was December 10, 2004. Chasin Depo. (Ex. C), at Ex. P-5, P-6.

30. Dr. Chasin testified that Defendant's first use of the mark "REFLECTIONS CENTER FOR SKIN & BODY" was in 2000. Chasin Depo. (Ex. C), 29:12-15, 31:11-12, 144:15-18.

31. Following a series of correspondences with Defendant, the USPTO issued a Final Office Action on March 6, 2009, explaining that it refused to register the trademark "based on a likelihood of confusion." Chasin Depo. (Ex. C), Ex. P-6.

32. On September 7, 2009, Defendant abandoned its federal trademark registration application. Chasin Depo. (Ex. C), Ex. P-5, P-6.

33. Plaintiff first became aware of Defendant in approximately 2015, after Defendant contacted Dr. Patel regarding "problems with a trademark; or a logo, actually." Patel Depo. (Ex. A), 56:4-57:11; Patel Decl. (Ex. B), ¶ 9.

34. On September 12, 2016, Defendant sent a cease and desist letter to Plaintiff asserting that Plaintiff's use of REFLECTIONS constitutes infringement and unfair competition and demanded that Plaintiff "immediately and permanently cease and desist any and all use of the infringing REFLECTIONS trademark and/or any confusingly similar variations [on its] website or anywhere else." Defendant's letter threatened that if Plaintiff did not act, Defendant would be forced to "consider any and all legal remedies." Chasin Depo. (Ex. C), Ex. P-7; Patel Decl. (Ex. B), ¶ 9.

35. For nine years prior to Defendant's letter, Defendant and its predecessors made no attempts to assert their alleged rights against Plaintiff. Patel Decl. (Ex. B), ¶ 9.

36. Dr. Chasin only became aware of Plaintiff's existence in "April of '16 roughly." Chasin Depo. (Ex. C), 113:23-114:2.

37. Dr. Chasin has no recollection of entering "Reflections" and searching for Defendant's name on Google or any other search engine prior to April 2016, and he "never asked someone to search for [Defendant's] name" or for "Reflections" or "Reflections Center for Skin and Body." Chasin Depo. (Ex. C), 116:2-16, 120:19-121:6.

38. Dr. Patel has attended multiple Plastic Surgery and Cosmetic Surgery conferences throughout the years as part of his normal Maintenance of Certification of his Specialty in Plastic Surgery. These conferences include Plastic Surgery The Meeting (held by American Society of Plastic Surgeons (ASPS)), The Aesthetic Meeting (held by American Society for Aesthetic Plastic Surgery (ASAPS)), Vegas Cosmetic Surgery Meeting, New Jersey Society of Plastic Surgery meetings, Monmouth County Society of Plastic Surgeons meetings (six to eight times per year), and marketing and educational meetings by various vendors. At these events, Dr. Patel represented himself as New Reflections Plastic Surgery. Patel Decl. (Ex. B), ¶ 6.

39. In order to grow New Reflections Plastic Surgery, Dr. Patel has spent considerable time and resources getting to know and associate with local physicians and businesses and meeting with multiple potential partners. When he networks and meets with potential partners and clients, he represents himself as New Reflections Plastic Surgery. Patel Decl. (Ex. B), ¶ 7.

Dated: May 10, 2018

Respectfully submitted,

s/ Dariush Keyhani
Dariush Keyhani (DK-9673)
Meredith & Keyhani, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
Tel. (212) 760-0098
Fax (212) 202-3819
dkeyhani@meredithkeyhani.com
*Attorneys for Plaintiff*