# EXHIBIT B

Gregg A. Paradise
Aaron S. Eckenthal
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ  07090-1497
Tel:  908 654 5000
Fax:  908 654 7866

*Attorneys for Defendant Reflections
 Center for Skin and Body, PC*

**Document Filed Electronically**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW REFLECTIONS PLASTIC SURGERY, LLC : : Plaintiff, : v. : : REFLECTIONS CENTER FOR SKIN AND BODY, PC, : : : Defendant. : x | Civil Action No. 16-8523-FLW-TJB Freda L. Wolfson, U.S.D.J. Tonianne J. Bongiovanni, U.S.M.J. |

## **DECLARATION OF DR. MITCHELL CHASIN**

I, DR. MITCHELL CHASIN, hereby declare and state as follows:

1. I am a physician and owner of Reflections Center for Skin and Body, PC. ("Reflections"), which has offices located at 1924 Washington Valley Road, Martinsville, New Jersey 08836 and 299 E Northfield Road, Livingston, New Jersey 07039. I have personal knowledge related to the facts of this case. I am over 21 years of age.

2. Reflections is a full service cosmetic medical practice and provides cosmetic procedures and services that include: Botox, fillers and injectable treatments, laser skin rejuvenation, laser hair removal, radiofrequency treatments, skin tightening, laser tattoo removal, noninvasive body contouring, laser liposuction, facial plastic surgery, acne and acne scar

treatments, laser vein treatments, fat transfer, vaginal rejuvenation, chemical peels, facials, spa treatments, massage, and skin care products. It is my understanding that Plaintiff provides all, if not a significant number of these procedures.

3. Upon opening a dedicated space for the Reflections practice, the sign used appeared as "Reflections Center for Skin and Body" with the word "Reflections" in larger font and above the text "center for skin and body."

4. The following is an example of how the Reflections mark appears on signage, promotional materials, and business cards for the practice:



5. Although there have been different iterations using different fonts, the use of the REFLECTIONS mark has been consistent across signage, promotional materials, business cards, and the like, with the word "Reflections" appearing in larger font above any text.

6. A second location in Livingston, New Jersey was opened and was referred to as Reflections of Livingston at the business level, but used the same name and signage as the original location of Reflections. The original Reflections location moved from Bridgewater to Martinsville, where it currently resides, but used the same type of sign with the word "Reflections" appearing in larger font above any text.

7. The signage originally adopted that showed "Reflections" in larger font and above any wording has been that way since the name was adopted and continues to appear that way at both the Martinsville and Livingston office locations.

2

8. The practice is in the process of changing its signage and promotional materials to utilize different wording beneath the REFLECTIONS mark. The new wording beneath the REFLECTIONS mark reads "the Center for Cosmetic Medicine" and is currently being utilized on promotional materials and on the website for the practice. It appears as follows:



9. Around the office, the other doctors and staff refer to the practice as "Reflections."

10. Regardless of the wording beneath the REFLECTIONS mark, the word "Reflections" frequently includes a TM symbol directly after to identify the trademark claimed.

11. It is my understanding that patients refer to the practice as "Reflections" and that the practice is generally known in the area as "Reflections."

12. The phones for the practice are answered "Reflections."

13. The REFLECTIONS mark has been in use since at least December 2000, the date of first use specified in New Jersey State Trademark Reg. No. 20852, and the mark continues to be in use today in connection with the Reflections cosmetic medical practice.

14. As a result of this litigation I have become aware of U.S. Trademark Registration No. 3,164,379 for REFLECTIONS, which is registered to Brandywine Senior Care, Inc., and that company appears to provide care to seniors in the form of assisted living and Alzheimer's and dementia care. I am unaware of any instances of confusion between this trademark and the Reflections cosmetic medical practice as Registration No. 3,164,379 is not used in connection with any cosmetic procedures.

3

15. Trademark application serial no. 77/585,652 for REFLECTIONS CENTER FOR SKIN & BODY was applied for by a former office manager without my authorization, approval, or knowledge. That trademark application stated a date of first use of December 10, 2004, which is incorrect.

16. As a result of this litigation, I have become aware of U.S. Trademark Registration No. 3,216,579 for REFLECTIONS MEDPSA with a date of first use of September 14, 2005. While that mark was canceled on October 11, 2013, the services specified in that registration (spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa) are entirely different from those offered in connection with the REFLECTIONS mark and therefore would not present any likelihood of confusion.

17. As a result of this litigation, I have become aware of U.S. Trademark Registration No. 3,460,732 for RD REFLECTIONS DERMATOLOGY & CENTER FRO SKIN CARE with a date of first use of 2005. The services specified in that registration (physician services) are different from those offered in connection with the REFLECTIONS mark and therefore would not present any likelihood of confusion.

18. I first became aware of Plaintiff in April 2016 as a result of an Internet search performed by my marketing director, Jennifer Peterson. That search was prompted by comments made to me by various patients over the course of the previous few months about our "South New Jersey office" and questions about different pricing for our "South New Jersey office."

19. Within a few days after discovering the existence of Plaintiff, my office manager, Laura Dougherty, called the Plaintiff and spoke with Dr. Patel. She advised Dr. Patel that Reflections is the owner of the REFLECTIONS mark and that Plaintiff's use of the

REFLECTIONS mark was infringing. Even though Ms. Dougherty asked Dr. Patel to change the name of his practice, Dr. Patel refused.

20. Reflections retained counsel, which ultimately sent a cease and desist letter to Plaintiff on September 12, 2016.

21. Reflections has spent over $1.3 million from 2015-2017 on marketing. The details of these expenditures have been produced to the Plaintiff as REFLEC-000556 to 561.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6/4/2018

Dr. Mitchell Chasin