# EXHIBIT J

Gregg A. Paradise
Aaron S. Eckenthal
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ  07090-1497
Tel:  908.654.5000
Fax:  908 654 7866

*Attorneys for Defendant Reflections
 Center for Skin and Body, PC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| NEW REFLECTIONS PLASTIC SURGERY, LLC, | : : : | Civil Action No. 16-8523-FLW-TJB |
| Plaintiff, | : : | Freda L. Wolfson, U.S.D.J. |
| v. | : : | Tonianne J. Bongiovanni, U.S.M.J. |
| REFLECTIONS CENTER FOR SKIN AND BODY, PC, | : : : | |
| Defendant. | : x | |

**DEFENDANT REFLECTIONS CENTER FOR SKIN AND**
**BODY, PC'S RESPONSE TO PLAINTIFF'S NEW REFLECTIONS**
**PLASTIC SURGERY, LLC'S FIRST SET OF INTERROGATORIES (Nos. 1-4)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Reflections Center For Skin and Body, PC ("Reflections"), through its undersigned counsel, provides the following objections and responses to Plaintiff New Reflections Plastic Surgery, LLC's ("New Reflections" or "Plaintiff") First Set of Interrogatories (Nos. 1-4) served on February 3, 2017.

**GENERAL OBJECTIONS**

1. Reflections objects to the Definitions and Instructions incorporated into each request for production to the extent that they impose burdens and obligations on Reflections

greater than or different from those authorized under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, and to the extent they purport to give meanings to words different from their ordinary English meaning or definitions set forth in the applicable statutes and rules.

2.      Reflections objects to the definition that capitalized terms shall be construed as if they appeared in lower case to the extent that this broadens, changes, or alters the scope of the request in any way inconsistent with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court or broadens such a request in a manner that it becomes incomprehensible.

3.      Reflections objects to the term "to identify" insofar as multiple definitions are provided for such term.

4.      Reflections objects to each request to the extent that it seeks information not relevant to New Reflections' claims or defenses and/or not proportional to the needs of the case.

5.      Reflections' responses set forth herein are based upon information that is presently available to Reflections and Reflections' investigation in response to these requests for production is ongoing.  Thus, Reflections objects generally that it has not yet completed its discovery and investigation.  These responses are given without prejudice to Reflections' right to produce evidence of any subsequently discovered facts, or to add to, modify, or otherwise revise the responses.  The information set forth herein is subject to correction for inadvertent errors, mistakes, omissions, or other changes.

6.      Reflections objects to each interrogatory to the extent that it seeks information and documents protected by the attorney-client privilege, the work-product immunity, or any other evidentiary privilege or any other immunity

7. Reflections does not hereby admit, adopt, or acquiesce to any factual or legal contention, assertion, or characterization that is contained in the interrogatories.

8. Reflections reserves the right to rely on, at any time, including trial, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

9. Reflections incorporates by reference each of the foregoing general objections into each of its responses set forth below as if fully set forth therein.

## RESPONSES

**Interrogatory No. 1**

Identify (a) the first date when Defendant became aware of Plaintiff's use of the New Reflections mark and/or any variation thereof; (b) the specific person who first became aware of Plaintiff's use of the New Reflections mark and/or any variation thereof; (c) evidence of any actions taken by the Defendant in response to the alleged infringement from the first date that Defendant became aware of the alleged infringement to the date that Defendant sent its cease and desist letter to Plaintiff; and (d) the dates of all actions inquired about in (c).

**Response**

Reflections objects to this interrogatory because it contains subparts that amount to at least four (4) interrogatories. This interrogatory requests information concerning: (1) the first date when Defendant became aware of Plaintiff's use of the New Reflections mark and/or any variation thereof; (2) the specific person who first became aware of Plaintiff's use of the New Reflections mark and/or any variation thereof; (3) evidence of any actions taken by the Defendant in response to the alleged infringement from the first date that Defendant became aware of the alleged infringement to the date that Defendant sent its cease and desist letter to Plaintiff; and (4) the dates of all actions inquired about such actions taken by Defendant. Reflections also objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege or work-product doctrine.

Subject to and without waiving any of the foregoing general and specific objections, Reflections responds as follows:

Jennifer Peterson, Reflections' marketing person, first became aware of Plaintiff and Plaintiff's use of its REFLECTIONS trademark during an online search. That online search was conducted on or around April 15, 2016. Laura Dougherty, Reflections' Office Manager, called the Plaintiff within a few days of becoming aware of Plaintiff's website and use of the REFLECTIONS trademark. Ms. Dougherty spoke with Dr. Nikesh K. Patel, MD, the owner of

the practice. During the phone call, Ms. Dougherty advised Dr. Patel that Reflections is the owner of the REFLECTIONS mark and that Plaintiff's use of the REFLECTIONS mark was infringing. During the call Ms. Dougherty also requested that Dr. Patel change the name of his practice but Dr. Patel refused. In late April 2016 Ms. Dougherty contacted counsel to assist with the matter. Counsel for Reflections sent a letter to Plaintiff on September 12, 2016, requesting, among other things, that Dr. Patel cease and desist any and all use of the infringing REFLECTIONS trademark.

**Interrogatory No. 2**

State with specificity (a) all of the goods and services offered by the Defendant to customers and clients; (b) the price of each and every good and service offered by the Defendant to customers and clients; (c) a description of what each good or service offered by the Defendant entails; and (d) the specific goods and services offered by the Defendant which the Defendant believes to be similar or the same as good and services offered by the Plaintiff.

**Response**

Reflections objects to this interrogatory because it contains subparts that amount to at least four (4) interrogatories. This interrogatory requests information concerning: (1) all of the goods and services offered by the Defendant to customers and clients; (2) the price of each and every good and service offered by the Defendant to customers and clients; (3) a description of what each good or service offered by the Defendant entails; and (4) the specific goods and services offered by the Defendant that the Defendant believes to be similar or the same as goods and services offered by the Plaintiff. Reflections also objects to this request as seeking information that is irrelevant and/or out of proportion to the needs of the case. Specifically, Reflections objects to providing any information regarding the price of each and every good and service offered to its customers and descriptions of what each good or service offered by the Defendant entails. Reflections further objects to this request because it seeks documents and information that is not within its possession, custody, or control, specifically the goods and/or services offered for sale or sold by Plaintiff.

Subject to and without waiving any of the foregoing general and specific objections, Reflections responds as follows:

Reflections states that it provides cosmetic procedures and services that include: Botox, fillers and injectable treatments, laser skin rejuvenation, laser hair removal, radiofrequency treatments, skin tightening, laser tattoo removal, non-invasive body contouring, laser liposuction,

facial plastic surgery, acne and acne scar treatments, laser vein treatments, fat transfer, vaginal rejuvenation, chemical peels, facials, spa treatments, massage, and skin care products. Pursuant to Rule 33(d), Reflections is concurrently providing a printout of its website that provides further details regarding its cosmetic procedures and services.

**Interrogatory No. 3**

Identify (a) the approximate date on which the Defendant became aware that actual confusion had arisen amongst consumers; and (b) all documents and evidence which indicate or imply that actual confusion has arisen amongst consumers.

**Response**

Reflections objects to this interrogatory because it contains subparts that amount to at least two (2) interrogatories.  This interrogatory requests information concerning: (1) the approximate date on which the Defendant became aware that actual confusion had risen amongst consumers; and (2) all documents and evidence that indicate or imply that actual confusion has arisen amongst consumers.

Subject to and without waiving any of the foregoing general and specific objections, Reflections responds as follows:

Since Reflections learned of Plaintiff's infringing use of its REFLECTIONS mark on or around April 15, 2016, over the past ten months, there have been approximately six (6) patients that have made comments to Dr. Chasin about Plaintiff's practice.  Such comments include (1) thoughts that Plaintiff's practice was a new office related to Reflections' two existing offices; (2) pricing — patients wondered why pricing was different in "your other office in Freehold"; and (3) congratulations on opening the new office in Freehold.  Recently, in February 2017, a web developer, under consideration by Reflections for website development services, advised Reflections that he had done an analysis of the Reflections website.  However, upon review of the web developer's analysis it was discovered that he actually analyzed Plaintiff's website instead and believed that Plaintiff's website was indeed Reflection's website.

Moreover, as detailed in the attached documents, on Facebook, a search for "reflections nj" turns up Plaintiff's and Reflections'.  Similarly, a search on google for "reflections cosmetic surgery" and "reflections botox nj" turns up both parties.  In addition, as seen in the attached

documents, logos from both Reflections' and Plaintiff's offices feature stylized bodies of women and a very similar font.

Further, upon information and belief, Plaintiff redesigned its website between December 16, 2015, and January 16, 2016. Plaintiff's new website utilizes similar font and style of Plaintiff's logo when compared to Reflections' website. Plaintiff's new website and logo launched only a short time before Reflections became aware of Plaintiff's existence.

**Interrogatory No. 4**

Identify (a) the approximate date on which the Defendant became aware of the existence of the Plaintiff's business; (b) the means by which the Defendant became aware of the existence of the Plaintiff's business; and (c) the specific person who became aware of the existence of the Plaintiff's business.

**Response**

Reflections objects to this interrogatory because it contains subparts that amount to at least three (3) interrogatories. This interrogatory requests information concerning: (1) the approximate date on which the Defendant became aware of the existence of the Plaintiff's business; (2) the means by which the Defendant became aware of the existence of the Plaintiff's business; and (3) the specific person who became aware of the existence of the Plaintiff's business. Reflections also objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege or work-product doctrine.

Subject to and without waiving any of the foregoing general and specific objections, Reflections incorporates its response to Interrogatory No. 1 as if fully set forth herein.

Objections to the foregoing interrogatories were made by:

                                              LERNER, DAVID, LITTENBERG,
                                                KRUMHOLZ & MENTLIK, LLP
                                              *Attorneys for Defendant Reflections*
                                              *Center for Skin and Body, PC*

Dated: March 6, 2017        By: s/ Aaron S. Eckenthal
                                                Aaron S. Eckenthal
                                                Tel: 908.654.5000
                                                E-mail:aeckenthal@lernerdavid.com