Gregg A. Paradise
Aaron S. Eckenthal
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:   908.654.7866

*Attorneys for Defendant Reflections*
  *Center for Skin and Body, PC*

**Document Filed Electronically**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW REFLECTIONS PLASTIC SURGERY, LLC | : <br> : Civil Action No.  16-cv-08523-FLW-TJB |
| Plaintiff, | : |
| v. | : Freda L. Wolfson, U.S.D.J. <br> : Tonianne J. Bongiovanni, U.S.M.J. |
| REFLECTIONS CENTER FOR SKI AND BODY, PC, | : <br> : <br> : |
| Defendant. | : <br> x |

### DEFENDANT'S COMBINED [1] SUPPLEMENTAL STATEMENT OF DISPUTED MATERIAL FACTS AND [2] RESPONSES TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Civil Rule 56.1, Defendant Reflections Center for Skin and Body, PC, ("Defendant" or "Reflections"), provides this combined supplemental statement of disputed material facts on Defendant's motion for partial summary judgment and responses to the alleged undisputed material facts set forth in the Rule 56.1 statement (Dkt.24-1) from Plaintiff New Reflections Plastic Surgery, LLC ("Plaintiff" or "New Reflections").

I.  **DEFENDANT'S SUPPLEMENTAL
STATEMENT OF DISPUTED MATERIAL FACTS**

1. Reflections and Plaintiff both perform the same or similar services through a cosmetic medicine practice. (Exh. O (Patel Dep. 39:6-11)[1], Exh. A (Chasin Dep. 37:13-38:6), Exh. B (Chasin Decl ¶ 2).)

2. Reflections has spent more, by orders of magnitude, as compared to Plaintiff on marketing. Reflections expenditures have exceeded $1.3 million from 2015-2017. (Exh. B (Chasin Decl ¶ 21).)

3. Since adopting the name "Reflections Center for Skin and Body," Reflections and its patients have used "Reflections" on its own to refer to its practice. (*Id.* ¶¶ 9, 11-13, Exh. C (REFLEC-000129).)

4. Since adopting the name "Reflections Center for Skin and Body," all signage, marketing materials, website usage, business cards, and the like utilized a stylized form, which consisted of the word "Reflections" in large font above the words "Center for Skin and Body" similar to the following:



(Exh. B (Chasin Decl ¶¶ 3-7).)

5. Recently, Reflections changed the words used beneath "Reflections" as follows:

---

[1] All citations to Exhibits are found in the Declaration of Aaron S. Eckenthal filed concurrently herewith.



(*Id.* ¶ 8.)

6. The sign appearing on the buildings for both locations of Reflections has the word "Reflections" in much larger print as compared to the wording beneath it. (*Id.* ¶ 7.)

7. When Reflections opened its second location in Livingston, New Jersey, it was referred to as Reflections of Livingston at the business level, but used the same name and signage as the original Reflections Center for Skin and Body in Bridgewater. (*Id.* ¶ 6, Exh. D (Brodrick Dep. 43:15-22).)

8. Patients have referred to the Defendant in this case as "Reflections." (Exh. B (Chasin Decl. ¶ 11).)

9. The REFLECTIONS mark subject to this dispute has been and continues to be in use in the State of New Jersey since at least December 2000. (*Id.* ¶ 13.)

10. The trademark application to register REFLECTIONS CENTER FOR SKIN & BODY was applied for by a former office manager at Reflections without the knowledge or approval of Dr. Chasin. (*Id.* ¶15, Exh. A (Chasin Dep. 137:6-138:7, 146:13-147:12).)

11. The trademark application to register REFLECTIONS CENTER FOR SKIN & BODY stated December 10, 2004 as an incorrect date of first use. (Exh. B (Chasin Decl. ¶ 15), Exh. A (Chasin Dep. 137:6-16).)

12. The Trademark Office refused registration of REFLECTIONS CENTER FOR SKIN & BODY over two marks (U.S. Reg. Nos. 3,216,579 (REFLECTIONS MEDSPA)

and 3,460,732 (RD REFLECTIONS DERMATOLOGY & CENTER FOR SKIN CARE)), which were cited as likely to cause confusion with the applied for mark. (Dkt.24-4.)

13.  The REFLECTIONS mark subject to the present dispute has a date of first use before U.S. Reg. Nos. 3,216,579 and 3,460,732. (Exh. B (Chasin Decl. ¶¶ 13, 16, 17).)

14.  The REFLECTIONS mark subject to the present dispute would not be confused with U.S. Reg. No. 3,216,579. (*Id.* ¶ 16.)

15.  The REFLECTIONS mark subject to the present dispute would not be confused with U.S. Reg. No. 3,460,732. (*Id.* ¶ 17.)

16.  U.S. Reg. No. 3,164,379 for REFLECTIONS to Brandywine Senior Care, Inc. is not used in connection with the services specified in Reflections' trademark registration, including skin and body treatment services, including microdermabrasion, body/skin treatments, massages, etc. (*Id.* ¶ 14, Exhs. F (N.J. State Trademark Reg. 20852 Certif. (REFLECTIONS), K (Brandywine Reg. Certif U.S. Reg. No. 3,164,379), L (Brandywine website printouts).)

17.  Brandywine Senior Care, Inc. does not utilize its REFLECTIONS mark for any cosmetic procedures offered to patients. (Exh. B (Chasin Decl. ¶ 14), Exh. L(Brandywine website printouts).)

18.  Reflections and Dr. Chasin is not aware of any instances of actual confusion between its REFLECTIONS mark and the Brandywine Senior Care, Inc. REFLECTIONS mark. (Exh. B (Chasin Decl ¶ 14).)

19.  Reflections first became aware of Plaintiff in April 2016. (*Id.* ¶ 18, Exh. A (Chasin Dep. 113:23-114:2).)

20. Reflections became aware of Plaintiff when its director of marketing noticed Plaintiff while searching on the internet. (Exh. B (Chasin Decl ¶ 18), Exh. A (Chasin Dep. 114:5-7).)

21. Reflections took action and policed its REFLECTIONS mark upon becoming aware of Plaintiff by first calling Plaintiff and subsequently sending a cease and desist letter. (Exh. B (Chasin Decl ¶¶ 19, 20) Exh. J (Def.s' Resp. Interrog. Nos. 1, 3).)

## II. DEFENDANT'S RESPONSES TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff New Reflections Plastic Surgery LLC is a cosmetic surgery practice that was founded in August 2007 by owner Dr. Nikesh Patel. Deposition of Dr. Nikesh Patel (Nov. 16, 2017) (Ex. A), 12:3-4, 7-10.

**RESPONSE**

Undisputed.

2. Plaintiff is located in Freehold, New Jersey, and its services include comprehensive invasive and noninvasive cosmetic procedures for the face, breast, and body including breast augmentation, thigh and arm lifts, rhinoplasty, face lifts, and ab sculpting. Declaration of Dr. Nikesh Patel (Ex. B), ¶¶ 1-2.

**RESPONSE**

Undisputed.

3. Plaintiff advertises and markets its services and medical procedures on the internet to prospective patients nationally. Patel Decl. (Ex. B), ¶ 5.

**RESPONSE**

Reflections disputes the allegations of paragraph 3. Plaintiff owns and operates a website. While a website is accessible by individuals nationally, Dr. Patel testified that he focuses his marketing so that he appears in searches for central New Jersey, southern New Jersey, and Pennsylvania. (Exh. O (Patel Dep. 91:12-18).)

4. Plaintiff has operated its website, www.newreflectionsps.com, continuously since at least as early as September 2007. Patel Decl. (Ex. B), ¶ 3.

**RESPONSE**

Reflections disputes the allegations of paragraph 4. According to whois.com domain name information for www.newreflectionsps.com the website was registered in September 2007. However, according to the wayback machine, there is no established use of the website prior to 2008. Plaintiff has not produced any documents demonstrating that it continuously used its website since registering it in September 2007. (Exh. Q (Pl.'s website Oct. 7, 2008).)

5. Plaintiff's website focuses its search optimization to prospective patients in the New Jersey and New York City areas. Patel Decl. (Ex. B), ¶ 5.

**RESPONSE**

Reflections disputes the allegations of paragraph 5. Dr. Patel testified that he focuses his marketing and search optimization to prospective patients in central New Jersey, southern New Jersey and Pennsylvania. (Exh. O (Patel Dep. 91:12-18).)

6. Plaintiff has spent a significant amount of time and money on marketing and search optimization. Patel Depo. (Ex. A), Ex. D-14 (invoice for website design totaling $5,450.00 plus $450.00 per month upon completion of website), D-16 (invoice totaling $8800.00 for digital marketing); D-17 & D-18 (website ranking reports); D-20 (web marketing report); Patel Decl. (Ex. B), ¶¶ 4-5.

**RESPONSE**

Reflections disputes the allegations of paragraph 6. Reflections does not believe that Plaintiff has spent "significant" time and money on marketing and search optimization. Plaintiff's expenditures amount to a fraction of the cost spent by Reflections. (Exh. C (REFLEC-000556-561).)

7. Plaintiff was highly ranked on various internet search terms, including "new jersey plastic surgeon," "plastic surgery new jersey," and "New Reflections Plastic Surgery." Patel Decl. ¶¶ 4-5; Patel Depo. (Ex. A), Ex. D-17, D-18, D-20.

**RESPONSE**

Reflections disputes the allegations of paragraph 7. While Plaintiff may have been highly ranked with the terms specified, the citations only establish recent rankings for February 2014, September 2014, and September 2017. It is unclear and Plaintiff has not established that they held a high ranking for any search terms prior to these dates.

8. Plaintiff has purchased online local and regional newspaper and magazine advertisements. Patel Decl. (Ex. B), ¶ 4.

**RESPONSE**

Undisputed.

9. Since its inception, Plaintiff has invested approximately $700,0000 to grow its business and advertise, publicize, and promote its services. Patel Decl. (Ex. B), ¶ 8.

**RESPONSE**

Reflections disputes the allegations of paragraph 9. Considering the ongoing dispute between the parties involving the financial records of Plaintiff, Reflections is unclear how much Plaintiff has actually invested in its business for purposes of advertising, publicizing, and promotional services.

10. Defendant is a medical spa owned by Dr. Mitchell Chasin and is also located in New Jersey. Deposition of Dr. Mitchell Chasin (Nov. 2, 2017) (Ex. C), 8:19 25.

**RESPONSE**

Reflections disputes the allegations of paragraph 10. The citation referenced by Plaintiff does not support the statement that Defendant is a medical spa, that Dr. Chasin owns a medical spa, or that any such medical spa is located in New Jersey.

11. Defendant provides services including laser treatments for acne, rejuvenation, scars, tattoo removal, facials, and massage services. Chasin Depo. (Ex. C), Ex. P-5.

**RESPONSE**

Reflections does not dispute that it performs laser treatments for acne, rejuvenation, scars, tattoo removal, facials, and massage services, among others. Reflections does dispute the reliance on Chasin Depo. (Ex. C), Ex. P-5 for support because it is an abandoned trademark application, which is legally given little if any weight. *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 220–21 (3d Cir. 2000); *see also Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 715 (3d Cir. 2004) (finding that a USPTO's determination may be considered, but does not need to be given weight); *Mktg. Displays, Inc. v. TrafFix Devices, Inc.*, 200 F.3d 929, 934 (6th Cir. 1999) (indicating that "no deference is due [to] a PTO decision with respect to evidence the PTO did not consider"). Furthermore, Dr. Chasin testified that the services listed are a fraction of the services provided. (Exh. A (Chasin Dep. 147:17-148:17).)

12. Reflections Center for Skin and Body was started as a part of Priority Medical Care by Dr. Chasin in around 2000. Chasin Depo. (Ex. C), 31:5-12.

**RESPONSE**

Reflections disputes the allegations of paragraph 12. Reflections Center for Skin and Body was started as a part of Priority Medical Care by Dr. Chasin and his partner Dr. Brodrick. (Exh. A (Chasin Dep. 31:10-12).)

13. Defendant started to use the name "Reflections Center for Skin and Body" around the year 2000. Chasin Depo. (Ex. C), 31:11-12, 144:15-18.

**RESPONSE**

Undisputed.

14. Priority Medical Care, a business co-owned by Dr. Chasin, registered the mark on November 16, 2001, and was the original owner of NJ Reg. No. 20852, "REFLECTIONS." Chasin Depo. (Ex. C), Ex. P-2.

**RESPONSE**

      Undisputed.

      15.    According to the November 16, 2001 registration, Priority Medical Care's first use of the REFLECTIONS mark in New Jersey was on December 1, 2000. Chasin Depo. (Ex. C), Ex. P-2.

**RESPONSE**

      Undisputed.

      16.    In 2011, Priority Medical Care assigned the REFLECTIONS mark to the Reflections of Livingston, LLC, Deposition of Dr. Ian Brodrick (Feb. 9, 2018) Ex. D), Ex. P-3; Chasin Depo (Ex. C), 56:17-57:25, an entity in which Dr. Chasin "[h]ad or ha[s]" ownership, Chasin Depo. (Ex. C), 54:13-25, 55:3-8, 55:14-22.

**RESPONSE**

      Reflections disputes the allegations of paragraph 16. The assignment of the REFLECTIONS mark from Priority Medical Care to Reflections of Livingston, LLC occurred on April 27, 2007. On August 1, 2011, the parties executed a confirmatory assignment, which was recorded with the State of New Jersey in October 2011. (Exh. E (Priority Medical Care Reorganization Agreement), Exh. G (Confirmatory Assignment).)

      17.    In November 2016, Reflections of Livingston filed in New Jersey an Application to Assign a Registered Trade or Service Mark to Defendant. Chasin Depo. (Ex. C), Ex. P-2.

**RESPONSE**

      Undisputed.

18.     On November 3, 2016, Defendant filed in New Jersey an Application to Renew a Registered Trade or Service Mark for trademark number 20852, "REFLECTIONS."  CHASIN Depo. (Ex. C), Ex. P-2.

**RESPONSE**

Undisputed.

19.     In this application, Defendant "attest[ed] that [it was] the owner of the mark, and that the mark is still in use in this State."  Chasin Depo. (Ex. C), Ex. P-2.

**RESPONSE**

Undisputed.

20.     According to Defendant, on "[b]usiness cards normally it would be Reflections Center for Skin and Body," not "Reflections."  Chasin Depo. (Ex. C), 38:25-39:3.

**RESPONSE**

Undisputed to the extent all words appeared on the business cards.  However, Plaintiff has not established the form in which the words appeared.  In nearly all iterations when all words are used they are in a particular stylized form that emphasizes REFLECTIONS as the primary word mark and all others secondary as follows:



(Exh. B (Chasin Decl. ¶¶ 4, 5).)

21.     In response to Plaintiff's request, Defendant did not produce any marketing materials or any documentation specifically using the term "Reflections" by itself.  Chasin Depo. (Ex. C), 39:7-41:4.

**RESPONSE**

Reflections disputes the allegations of paragraph 21.  (*See* Exh. C (REFLEC-000129).)

22. Dr. Ian Brodrick, who co-owned the Priority Medical Care practice with Dr. Chasin, could not recall the name REFLECTIONS being use by the business on any sign, letterhead, or name card. Brodrick Depo. (Ex. D), 25:23-26:15.

**RESPONSE**

Reflections disputes the allegations of paragraph 22. The cited portion of Dr. Brodrick's transcript reflects his recollection that REFLECTIONS was not used by itself without "Center for Skin and Body." As shown, REFLECTIONS frequently appeared with "Center for Skin and Body" but in larger font and above the wording to emphasize REFLECTIONS as the dominant portion of the name. (Exh. B (Chasin Decl. ¶¶ 3-8).)

23. Dr. Brodrick recalled that the name "Reflections Center for Skin and Body" "was always together," as was the name "Reflections of Livingston." Brodrick Depo. (Ex. D), 42:7-43:6.

**RESPONSE**

Undisputed. However, Plaintiff has not established the form in which the words appeared. In nearly all iterations when all the words are used together they are in a particular stylized form that emphasizes REFLECTIONS as the primary word and all others secondary as follows:



(Exh. B (Chasin Decl. ¶¶ 3-12).)

24. It was Dr. Brodrick's understanding that, when someone entered the office, it was designated "Reflections Center for Skin and Body" — not "Reflections." Brodrick Depo. (Ex. D), 43:7-44:1..

**RESPONSE**

Reflections disputes the allegations of paragraph 24. The office referenced in this section of Dr. Brodrick's transcript is the Livingston, New Jersey office. Dr. Brodrick had minimal interaction at that office and has not established the manner in which the sign appeared, which had REFLECTIONS in larger font above the secondary words, "Center for Skin and Body." (Exh. B (Chasin Decl. ¶¶ 6, 7).)

25. The REFLECTIONS mark has been registered with the USPTO by third parties and used in connection with services related to those of Defendant that may claim priority over Defendant's alleged rights. Chasin Depo. (Ex. C), Ex. P-3, P-6.

**RESPONSE**

Reflections disputes the allegations of paragraph 25. Plaintiff has only shown one REFLECTIONS mark registered with the USPTO by a third party (U.S. Trademark Reg. No. 3,164,379). That mark recites services of Medical Care and Health Care, but Plaintiff has not shown the mark is actually used for the services in which it was registered. Reflections submits that the mark is actually used in connection with an assisted living and Alzheimer's and dementia care, which are unrelated services to those offered by Reflections. (Exh. B (Chasin Decl. ¶ 14), Exh. K (Brandywine Certif. U.S. Reg. 3,164,379), Exh. L (Brandywine website printouts).)

26. On October 31, 2006, Brandywine Senior Care, Inc., a medical and health care business located in the state of New Jersey, was granted a federal trademark for its REFLECTIONS mark, which it had used in commerce since May 1, 2000.  Chasin Depo. (Ex. C), Ex. P-3.

**RESPONSE**

Reflections disputes the allegations of paragraph 26.  Plaintiff has not proven that Brandywine Senior Care, Inc. is a medical and health care business.  Plaintiff has not shown that Brandywine Senior Care, Inc. used its REFLECTIONS mark (U.S. Trademark Reg. No. 3,164,379) in commerce since May 1, 2000.  *See Elder Mfg. Co. v. Int'l Shoe Co.*, 194 F.2d 114 (C.C.P.A. 1952);  *Hydro-Dynamics, Inc. v. George Putnam & Co.,* 811 F.2d 1470, 1473 (Fed. Cir. 1987) (holding a plaintiff is not bound by the first use date alleged in its trademark application and may prove an earlier date of use); *Universal Nutrition Corp. v. Carbolite Foods, Inc.*, 325 F. Supp. 2d 526 (D.N.J 2004) (Holding that a party may prove a date of first use earlier than the date identified in its application for registration.).  (Exh. B (Chasin Decl. ¶ 14),  Exh. K (Brandywine Certif. U.S. Reg. 3,164,379), Exh. L (Brandywine website printouts).)

27. Brandywine, like Defendant, provided health and medical services in New Jersey, and both belong to U.S. classes 100 and 101 and international class 44 (medical and beauty services).  Chasin Depo. (Ex. C), Ex. P-3, P-6.

**RESPONSE**

Reflections disputes the allegations of paragraph 27.  Plaintiff has not shown that Brandywine provides health and medical services.  Reflections submits that the mark is actually used in connection with an assisted living and Alzheimer's and dementia care, which are unrelated services to those offered by Reflections.  (Exh. B (Chasin Decl. ¶ 14), Exh. K (Brandywine Certif. U.S. Reg. 3,164,379), Exh. L (Brandywine website printouts).)

28. Defendant applied for federal registration of the mark "REFLECTIONS CENTER FOR SKIN & BODY" on October 4, 2008.  Chasin Depo. (Ex. C), Ex. P-5.

**RESPONSE**

Reflections disputes the allegations of paragraph 28. As Dr. Chasin testified, he did not sign any documents pertaining to the trademark application for REFLECTIONS CENTER FOR SKIN AND BODY. (Exh. B (Chasin Decl. ¶ 15); Exh. A (Chasin Dep. 146:5).) Dr. Chasin also testified that a former office manager, without his authorization submitted that trademark application. (Exh. A (Chasin Dep. 146:21-147:12).)

29. In its application for federal trademark registration, Defendant asserted that its first use and use in commerce of the mark "REFLECTIONS CENTER FOR SKIN & BODY" was December 10, 2004. Chasin Depo. (Ex. C), at Ex. P-5, P-6.

**RESPONSE**

Reflections disputes the allegations of paragraph 29. As Dr. Chasin testified, a former office manager, without his authorization submitted that trademark application. (Exh. A (Chasin Dep. 146:21-147:12).) That application incorrectly asserts a date of first use in commerce of December 10, 2004. Applicant is not bound by such date and is entitled to carry the date back to a prior date using evidence. *Elder Mfg. Co. v. Int'l Shoe Co.*, 194 F.2d 114 (C.C.P.A. 1952); *Hydro-Dynamics, Inc. v. George Putnam & Co.,* 811 F.2d 1470, 1473 (Fed. Cir. 1987) (holding a plaintiff is not bound by the first use date alleged in its trademark application and may prove an earlier date of use); *Universal Nutrition Corp. v. Carbolite Foods, Inc.*, 325 F. Supp. 2d 526 (D.N.J 2004) (holding that a party may prove a date of first use earlier than the date identified in its application for registration). The record herein establishes an earlier date of use back to 2000. (*See* Dkt.24-4; Exh. F (REFLECTIONS, N.J. Reg. No. 20852).)

30. Dr. Chasin testified that Defendant's first use of the mark "REFLECTIONS CENTER FOR SKIN & BODY" was in 2000. Chasin Depo. (Ex. C), 29:12-15, 31:11-12, 144:15-18.

**RESPONSE**

Reflections disputes the allegations of paragraph 30. Dr. Chasin testified that use of the name Reflections Center for Skin and Body began in "approximate year 2000." (Exh. A (Chasin Dep. 29:12-15).) He also testified that it was used "around the year 2000." (*Id.* at 31:11-12; 144:15-18.) Applicant is not bound by such date and is entitled to carry the date back to a prior date using evidence. *Elder Mfg. Co. v. Int'l Shoe Co.*, 194 F.2d 114 (C.C.P.A. 1952); *Hydro-Dynamics, Inc. v. George Putnam & Co., Inc.*, 811 F.2d 1470, 1473 (Fed. Cir. 1987) (holding a plaintiff is not bound by the first use date alleged in its trademark application and may prove an earlier date of use); *Universal Nutrition Corp. v. Carbolite Foods, Inc.*, 325 F. Supp. 2d 526 (D.N.J 2004) (Holding that a party may prove a date of first use earlier than the date identified in its application for registration.)

31. Following a series of correspondences with Defendant, the USPTO issued a Final Office Action on March 6, 2009, explaining that it refused to register the trademark "based on a likelihood of confusion." Chasin Depo. (Ex. C), Ex. P-6.

**RESPONSE**

Undisputed.

32. On September 7, 2009, Defendant abandoned its federal trademark registration application. Chasin Depo. (Ex. C), Ex. P-5, P-6.

**RESPONSE**

Undisputed.

33.	Plaintiff first became aware of Defendant in approximately 2015, after Defendant contacted Dr. Patel regarding "problems with a trademark; or a logo, actually." Patel Depo. (Ex. A), 56:4-57:11; Patel Decl. (Ex. B), ¶ 9.

**RESPONSE**

Reflections disputes the allegations of paragraph 33.  Plaintiff's response to Reflections' Interrogatory No. 6, which requested knowledge of when Plaintiff first became aware of Reflections, Plaintiff answered by stating:

> Plaintiff became aware of Defendant's business approximately a few months prior to receiving Defendant's September 14, 2016 dated cease and desist when Plaintiff's office received a threatening phone call from the Defendant's office.

(Exh. P (Interrog. No. 6).)   That phone call actually occurred in April 2016.   Thus, it is undisputed that Plaintiff became aware of Reflections in April 2016.

34.	On September 12, 2016, Defendant sent a cease and desist letter to Plaintiff asserting that Plaintiff's use of REFLECTIONS constitutes infringement and unfair competition and demanded that Plaintiff "immediately and permanently cease and desist any and all use of the infringing REFLECTIONS trademark and/or any confusingly similar variations [on its] website or anywhere else."  Defendant's letter threatened that if Plaintiff did not act, Defendant would be forced to "consider any and all legal remedies." Chasin Depo. (Ex. C), Ex. P-7; Patel Decl. (Ex. B), ¶ 9.

**RESPONSE**

Undisputed.

35.	For nine years prior to Defendant's letter, Defendant and its predecessors made no attempts to assert their alleged rights against Plaintiff.  Patel Decl (Ex. B), ¶ 9.

**RESPONSE**

Reflections disputes the allegations of paragraph 35.  Reflections was not aware of the existence of Plaintiff and therefore could not assert its trademark rights against Plaintiff.  (Exh. B (Chasin Decl ¶ 18).)

36. Dr. Chasin only became aware of Plaintiff's existence in "April of '16 roughly." Chasin Depo. (Ex. C), 113:23-114:2.

**RESPONSE**

Undisputed.

37. Dr. Chasin has no recollection of entering "Reflections" and searching for Defendant's name on Google or any other search engine prior to April 2016, and he "never asked someone to search for [Defendant's] name" or for "Reflections" or "Reflections Center for Skin and Body." Chasin Depo. (Ex. C), 116:2-16, 120:19-121:6.

**RESPONSE**

Undisputed.

38. Dr. Patel has attended multiple Plastic Surgery and Cosmetic Surgery conferences throughout the years as part of his normal Maintenance of Certification of his Specialty in Plastic Surgery. These conferences include Plastic Surgery The Meeting (held by American Soecity of Plastic Surgeons (ASPS)), The Aesthetic Meeting (held by American Society for Aesthetic Plastic Surgery (ASAPS)), Vegas Cosmetic Surgery Meeting, New Jersey Society of Plastic Surgery meetings, Monmouth County Society of Plastic Surgeons meetings (six to eight times per year), and marketing and educational meetings by various vendors. At these events, Dr. Patel represented himself as New Reflections Plastic Surgery. Patel Decl. (Ex. B), ¶ 6.

**RESPONSE**

Undisputed.

39. In order to grow New Reflections Plastic Surgery, Dr. Patel has spent considerable time and resources getting to know and associate with local physicians and businesses and meeting with multiple potential partners. When he networks and meets with potential partners and clients, he represents himself as New Reflections Plastic Surgery. Patel Decl. (Ex. B), ¶ 7.

**RESPONSE**

Reflections disputes the allegations of paragraph 39. It is unclear what is meant by "considerable time and resources."

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
*Attorneys for Defendant Reflections*
 *Center for Skin and Body, PC*

Dated: _____June 4, 2018_____   By: _s/  Aaron S. Eckenthal_____
                                    Aaron S. Eckenthal
                                    Tel: 908.654.5000
                                    E-mail: aeckenthal@lernerdavid.com
                                              litigation@lernerdavid.com