THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NEW REFLECTIONS PLASTIC SURGERY, LLC | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 3:16-cv-08523-FLW-TJB |
| REFLECTIONS CENTER FOR SKIN AND BODY, PC, | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**<u>NEW REFLECTIONS PLASTIC SURGERY, LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................................i

TABLE OF AUTHORITIES ............................................................................................ ii

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT............................................................................................................ 1

   a.  The Undisputed Facts Establish that Defendant Has Never Used the REFLECTIONS Mark in Commerce. ...........................................................................................1

   b.  Defendant Fails to Rebut Undisputed Evidence that the REFLECTIONS Mark Should Be Invalidated on the Basis of False Statements Made to the State of New Jersey.......4

   c.  Defendant's Mark Never Should Have Been Registered Because the Same REFLECTIONS Mark in t

   d.  Defendant's Arguments Regarding Severability of the Mark Are Incorrect and Irrelevant and Should Be Rejected. ...........................................................................9

   e.  Defendant Has Not Shown That Its Delay in Asserting Its Alleged Rights Was Explained and/or Excusable or That This Delay Did Not Prejudice Plaintiff. ...........10

III. CONCLUSION ................................................................................................12

Case 3:16-cv-08523-FLW-TJB   Document 27   Filed 06/11/18   Page 3 of 15 PageID: 545

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F3d 198 (3d Cir. 2000) .................. 9

*Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575 (3d Cir. 2009) ........................................ 4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................. 7

*Covertech Fabricating, Inc. v. TVM Bldg. Prods.*, 855 F.3d 163 (3d Cir. 2017) ......................... 11

*Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852 (3d Cir. 1992) ................................................ 10

*Elder Mfg. Co. v. Int'l Shoe Co.*, 194 F.2d 114 (C.C.P.A. 1952) .............................................. 6, 7

*Estate of P.D. Beckwith, Inc. v. Comm'r of Patents,* 252 U.S. 538 (1920) ................................. 10

*Family Circle, Inc. v. Family Circle Assoc., Inc.*, 205 F. Supp. 940 (D.N.J. 1962) ..................... 10

*Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277 (3d Cir. 1991) ............................ 7, 8

*George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383 (4th Cir. 2009) .............................. 3

*Hydro–Dynamics, Inc. v. George Putnam & Co., Inc.,* 811 F.2d 1470 (Fed. Cir. 1987)

*Johnson v. Standard Mining Co.*, 148 U.S. 360 (1893) ................................................................. 1

*Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156 (3d Cir. 2009) ............................. 4, 9

*N.J. Physicians United Reciprocal Exch. v. Privilege Underwriters, Inc.*, No. CV 15-691 (FLW), 2016 WL 6126914 (D.N.J. Oct. 18, 2016) ................................................................. 10

*Sabinsa Corp. v. Creative Compounds*, LLC, 609 F.3d 175 (3d Cir. 2010) .......................... 7, 8, 9

*Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123 (3d Cir. 2005) ................. 4

*Universal Nutrition Corp. v. Carbolite Foods, Inc.*, 325 F. Supp. 2d 526 (D.N.J. 2004) .............. 5

**Statutes**

N.J.S.A. 56:3-13.2 ........................................................................................................................... 6

15 U.S.C. § 1057(c) ........................................................................................................................ 7

I. INTRODUCTION

Plaintiff files this Reply in Support of Motion for Summary Judgment in response to Defendant's Brief in Response to Plaintiff's Motion for Summary Judgement ("Response," Dkt. 26). Defendant's Response only reinforces the absence of any evidence that Defendant has ever used the REFLECTIONS mark in commerce, a fundamental requirement for trademark ownership. Instead, Defendant attempts to manufacture fact disputes where none exist, relies on incorrect applications of the governing law, and tries to distract the Court with irrelevant arguments.

The undisputed facts show that Defendant should never have been granted a New Jersey trademark registration and that the trademark is invalid based on three independent grounds (1) nonuse, (2) Defendant's misrepresentation to the State as to the mark's use, and (3) likelihood of confusion with Brandywine's previously existing REFLECTIONS mark, which was already in use in New Jersey. Defendant also fails to show that its claims are not barred by laches. Because Defendant falls far short of establishing any dispute on any issue sufficient to justify a jury trial, the Court should grant Plaintiff's Motion for Summary Judgment ("Motion," Dkt. 24) as a matter of law.

II. ARGUMENT

    a. **The Undisputed Facts Establish that Defendant Has Never Used the REFLECTIONS Mark in Commerce.**

Defendant's REFLECTIONS mark is invalid based on nonuse. It is a fundamental tenet of trademark law that "trademark rights in the United States are acquired by . . . adoption and use, not by registration." *Hydro–Dynamics, Inc. v. George Putnam & Co., Inc.,* 811 F.2d 1470, 1473 (Fed. Cir. 1987). "Use in commerce" is "the bona fide use of a mark in the ordinary course of trade." 15 U.S.C. § 1127. A service mark is used in commerce "when it is used or displayed in the sale or advertising of services and the services are rendered in commerce, or the services are rendered in more than one State." *Id.*

The undisputed facts establish that Defendant has never used the REFLECTIONS mark in commerce; rather, Defendant has always used the word "REFLECTIONS" in combination with other terms.[1]  Defendant's Response only corroborates this.  For example, Defendant states that "[t]he sign on the building has and continues to be the word 'Reflections' with smaller print beneath," the original sign used by Defendant read REFLECTIONS CENTER FOR SKIN & BODY, and that REFLECTIONS has been used in conjunction with other wording in promotional materials and business cards.  *See* Dkt. 26, pp. 2-3.  Indeed, the evidence establishes that the exterior signs at both of Defendant's locations and the signs in both reception areas read REFLECTIONS CENTER FOR SKIN & BODY.  **Ex. A**.  Defendant's social media accounts, which it uses to promote its services to current and prospective customers, similarly refer to Defendant as REFLECTIONS CENTER FOR SKIN & BODY.  *See* **Ex. B**.  Additionally, the former co-owner of Defendant's practice could not recall the name REFLECTIONS ever being used by the business.  Dkt. 24-5 (25:23-26:15, 42:7-43:6).

Furthermore, on October 4, 2008, Defendant filed for federal registration of the mark "REFLECTIONS CENTER FOR SKIN & BODY"—not "REFLECTIONS."  Accompanying Defendant's application was a declaration that it had been using the "REFLECTIONS CENTER FOR SKIN & BODY" mark since December 10, 2004.  *See* **Ex. C**.  Defendant's owner, Dr. Mitchell Chasin, now claims that his office manager filed for the federal trademark "without [his] authorization, approval, or knowledge" and that the first use date provided is incorrect.  Dkt. 26-3 (¶ 15).  Even if Dr. Chasin's account is accurate,[2] his office manager was Defendant's

---

[1] Defendant attempts to argue that "REFLECTIONS CENTER FOR SKIN & BODY" is not a unitary mark.  As discussed in Section II.d., *infra*, this argument should be rejected.

[2] Dr. Chasin's claim that a rogue employee filed Defendant's federal trademark application is implausible.  Not only is the declaration accompanying the application signed by Dr. Chasin, he is listed as the correspondent, the registration was applied for in his name—not the company's,

2

agent, and this federal application thus provides further evidence of Defendant's use of REFLECTIONS CENTER FOR SKIN & BODY rather than REFLECTIONS on its own.

By contrast, no evidence, aside from one self-serving statement made by Dr. Chasin in his declaration, shows that Defendant has ever used "REFLECTIONS" by itself. In its Response, Defendant appears to cite the following evidence: (1) "doctors in the practice refer to [the business] as 'Reflections,'" (2) "the phone is answered 'Reflections,'" (3) a mock-up of a brochure featured the word "Reflections" on its own, and (4) Defendant's "patients refer to [the practice] as 'Reflections.'" *See* Dkt. 26, p. 18. This is insufficient to defeat summary judgment. First, how doctors and other employees refer to the practice internally, or how the phone is answered, does not establish "use in commerce." Rather, "use" is established through "the bona fide use of a mark in the ordinary course of trade"—that is, "when it is used or displayed in the sale or advertising of services and the services are rendered in commerce, or the services are rendered in more than one State." 15 U.S.C. § 1127. For this reason, courts have rejected Defendant's "verbal use" argument:

> [W]e are aware of no case law supporting the proposition that a seller of goods who declines to use a mark as a trademark on the packaging of his goods obtains trademark rights in the mark through its own verbal use. Embracing such a verbal use doctrine would open the door to all varieties of claims where a party took no steps to use a mark on packaging to identify it as the source of the goods to potential customers.

*George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 402-03 (4th Cir. 2009) (rejecting plaintiff's contention that its own verbal use of a mark demonstrated continuous use of that mark).

Second, Defendant asserts that its "promotional materials" have used REFLECTIONS on its own. Defendant provides only one sample—what appears to be the mock-up of a brochure

---

and there were almost a dozen correspondences between the U.S. Patent and Trademark Office and Defendant. Dkt. 24-4 (Ex. P-6). Further, Defendant paid a $275 registration fee, **Ex. C**, and it is dubious that this payment would have been made without Dr. Chasin's knowledge.

3

containing the language, "You're in Great Hands at Reflections." *See* Dkt. 26-4. This language, however, appears on the back page of a tri-fold brochure and is accompanied by the business's full name, REFLECTIONS CENTER FOR SKIN & BODY. The front page of the brochure, and the front and back panels of the accompanying folder, all use the term REFLECTIONS CENTER FOR SKIN & BODY. Further, it is unclear that Defendant actually printed this brochure, distributed it to the public, or otherwise used it in commerce. Thus, this evidence fails to establish that Defendant has ever used the REFLECTIONS mark in commerce.

The only other evidence Defendant puts forth in its Response is Dr. Chasin's vague, self-serving statement that "It is my understanding that patients refer to the practice as 'Reflections.'" Dkt. 26-3 (¶ 11). This is insufficient to create a genuine issue of material fact. *See Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (A motion for summary judgment will not be defeated by "the mere existence" of some disputed facts . . . ."); *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) ("[C]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment.") (citation omitted).

Thus, because Defendant has failed to show the existence of a genuine fact dispute as to whether it has ever used the REFLECTIONS mark in commerce, Plaintiff is entitled to summary judgment as a matter of law. *See Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 131 (3d Cir. 2005) (Summary judgment is proper where "the non-moving party fails to produce evidence sufficient to establish the existence of an element essential to its case.").

> **b. Defendant Fails to Rebut Undisputed Evidence that the REFLECTIONS Mark Should Be Invalidated on the Basis of False Statements Made to the State of New Jersey.**

Defendant made various false statements to the State of New Jersey in its trademark application and trademark renewal, which is an independent ground for invalidating the trademark.

4

First, Defendant represented, under oath, that its mark was in use and had been in use since December 1, 2000. Dkt. 24-4 (Ex. P-2). Because Defendant fails to demonstrate that it has ever used the REFLECTIONS mark in commerce, Defendant's sworn statements on its New Jersey application regarding the mark's use were false. Second, Defendant attested that its services fell under trademark Class 42, which applies to "Computer, scientific & legal" services. *See id.*; **Ex. G**. This statement was also false, as Defendant's services do not relate to "industrial analysis and research services" or "design and development of computer hardware and software." **Ex. G**. Further, Defendant stated in its sworn declaration to the PTO that its date of first use was in 2004 and that its trademark classes were U.S. classes 100 and 101 and international class 44 (medical and beauty services), Dkt. 24-4 (Ex. P-3, P-6), contradicting its State of New Jersey declaration.

Had Defendant accurately represented its use and class of mark, the trademark likely would never have been issued in the first place.[3] Defendant never should have received its New Jersey trademark registration, cancellation of the mark is proper as a matter of law, *see Universal Nutrition Corp. v. Carbolite Foods, Inc.*, 325 F. Supp. 2d 526, 531 (D.N.J. 2004), and Defendant's REFLECTIONS mark is therefore invalid. Accordingly, summary judgment is proper.

    **c. Defendant's Mark Never Should Have Been Registered Because the Same REFLECTIONS Mark in the Same Class of Services Was Already in Use in the State of New Jersey.**

---

[3] As New Jersey's Division of Revenue and Enterprise Services explains, in determining whether to issue a trademark registration, it compares the information in the registrant's application only with its own internal database; it does not conduct a thorough search of any other records or sources and places the burden on the registrant to do so:

> When examining an application to register a mark, the Division . . . only considers its database of registered New Jersey marks. We do not search the state or county assumed name records, legal names of corporations or other filing entities, nor search the USPTO. We do not search . . . "common law" usage of marks in commerce. [The applicant] is responsible for a more substantial search . . . .

**Ex. G**. Thus, the State relied entirely on Defendant's false representations about the mark's use.

Under New Jersey law, a mark shall not be registered if it "so resembles a mark . . . previously used in this State by another . . . as to be likely, when used on or in connection with the goods or services of the applicant, to cause confusion or mistake or to deceive." N.J.S.A. 56:3-13.2. Defendant's REFLECTIONS mark should never have been registered as a matter of law, because the same mark in the same class of services was already registered. In its Response, Defendant contends that whether Brandywine was actually using its mark at the time Defendant acquired its New Jersey registration is an issue of disputed fact. Dkt. 26, pp. 7-8. No such dispute exists. Rather, the undisputed facts show that when Defendant registered for its state trademark on November 16, 2001, the REFLECTIONS mark was already being used by Brandywine, a medical and health care business with locations throughout New Jersey.[4]

For example, on June 23, 2000, Brandywine issued a press release regarding its "Reflections" program for Alzheimer's patients. **Ex. D**. In the press release, the term REFLECTIONS is used on its own to identify Brandywine's REFLECTIONS program; it is not combined with any other words. *See id.* Furthermore, Brandywine declared a first use date of May 1, 2000 in its federal trademark registration. *See* Dkt. 24-4 (Ex. P-3). This sworn statement is permissible evidence of Brandywine's actual use of the mark. Defendant's claim that this "is insufficient to establish a date of first use" and that Plaintiff must "establish[] that the Brandywine Registration is entitled to the May 2000 date" misstates the law. The cases cited by Defendant do not state that a date of first use "must be proven"; rather, they state that a party may not be bound to that date *if* it can prove a date of first use different from that stated in the registration application. And where a trademark applicant "subsequently by proof attempts to show an earlier date [than

---

[4] Defendant's statement that Brandywine's "Reflections" program is "[o]ne particular center . . . located in Brick, New Jersey," Dkt. 26, p. 10, is incorrect. Several of Brandywine's New Jersey locations have a "Reflections" program, e.g., Voorhees, Haddonfield, Wall, and Mahwah. **Ex. E**.

6

that on his application], he is then under a heavy burden, and his proof must be clear and convincing." *See, e.g.*, *Elder Mfg. Co. v. Int'l Shoe Co.*, 194 F.2d 114, 118 (C.C.P.A. 1952).

Defendant puts forth no evidence to contradict Plaintiff's evidence that Brandywine's date of first use pre-dated Defendant's. Instead, Defendant asserts that a fact dispute exists as to its own date of first use because it is "not bound by the date of first use in its trademark application" and this date still needs to be "flush[ed] out." Dkt. 26, p. 8. This argument not only misstates the law, it suggests that Defendant misrepresented its date of first use on its application. Defendant has had ample time to "flush out" its date of first use, and its claim that it is "possible" it has a first use date that precedes Brandywine's is not evidence and fails to establish a fact dispute sufficient to survive summary judgment.[5] *See Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986); *Am. Eagle*, 584 F.3d at 581.

Furthermore, a likelihood of confusion exists between Defendant's mark and the Brandywine mark as a matter of law. The Response misrepresents the law regarding likelihood of confusion—the inquiry is not whether a consumer would confuse Defendant's services with Brandywine's, it is whether "consumers viewing the mark would probably assume the product or service it represents **is associated with the source of a different product or service identified by a similar mark**." *Sabinsa Corp. v. Creative Compounds*, LLC, 609 F.3d 175, 182 (3d Cir. 2010) (emphasis added); *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 292 (3d Cir. 1991). Furthermore, **"[p]roof of actual confusion is not necessary**; likelihood is all that

---

[5] Defendant's argument that it has superior rights over the Brandywine registration based on 15 U.S.C. § 1057(c) is similarly misguided and legally erroneous. Defendant contends that "even if the Brandywine Registration has an earlier use date of May 2000, it is of no consequence" because the Brandywine registration was filed after Defendant's date of first use in New Jersey. This argument is based on a complete misreading of § 1057(c), which involves constructive use of a mark and nationwide priority. The statute is inapt here, where Brandywine has an actual use date of May 2000 (compared to Defendant's asserted first use date of December 2000 and application date of November 2001), and both businesses are located in New Jersey. The case law cited by Defendant supports Plaintiff's—not Defendant's—position.

7

need be shown." *Ford Motor*, 930 F.2d at 292 (emphasis added).

Here, the undisputed facts show that Brandywine's "Reflections" business, like Defendant's, provides medical care and health care services in New Jersey. Brandywine's "Reflections" is a program for individuals with dementia, Alzheimer's, and "other related memory care needs." *See* **Ex. E**. Brandywine's "Reflections" employs a devoted nursing staff and medical professionals and offers six levels of nursing care onsite, twenty-four hours a day. **Ex. H**. It accepts Medicaid. *Id.* It also offers a medical management program, provides care based on health assessments performed by nurses, and offers physical therapy and neuropsychology. *Id.*; **Ex. E**. Brandywine's "Reflections" emphasizes its focus on the "individuality and identity of each resident," and describes its program as having "warmth," "elegance," and "luxury." **Ex. E**. Defendant's statement that "[i]t is unclear whether any of [Brandywine's] facilities or programs using 'Reflections' actually constitute 'medical care and health care' services for which 'Reflections' is registered," Dkt. 26, p. 10, is demonstrably untrue.

By comparison, Defendant is a New Jersey medical spa that provides, *inter alia*, "regenerative aesthetics," "body skin rejuvenation," spa treatments, and massage. Dkt 24-3 (¶ 2); **Ex. F**. Both Defendant and Brandywine's REFLECTIONS belong to class 44 (medical and beauty services), Dkt. 24-4 (Ex. P-3, P-6), and both offer procedures that are deemed "cosmetic" by Dr. Chasin himself, **Ex. I** (30:1-31:4). Defendant also employs medical professionals and touts its "exclusivity" and focus on "optimal wellness." **Ex. F**. Like Brandywine's "Reflections," Defendant strives to "match each individual with the perfect course of care." *Id.*

These undisputed facts establish the likelihood that a customer would assume that the service represented by Defendant's mark "**is associated with the source of [the] service**" identified by Brandywine's mark. *See Sabinsa Corp*, 609 F.3d at 182. As Plaintiff discussed in

8

its Motion, courts have found that a likelihood of confusion could exist where the parties' goods or services differed more than they do here. Dkt. 24, pp. 4-5. Dr. Chasin's assertion that he "is unaware of any actual confusion with the Brandywine Registration, ever," Dkt. 26, p. 11, incorrectly assumes that "actual confusion" is required, and is a conclusory, self-serving statement insufficient to defeat summary judgment, *see Kirleis*, 560 F.3d at 161 ("[C]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment.").[6] No genuine dispute of material fact exists as to this issue. Based on the undisputed facts set forth by Plaintiff, no reasonable jury could return a verdict in favor of Defendant, and summary judgment is proper.

### d. Defendant's Arguments Regarding Severability of the Mark Are Incorrect and Irrelevant and Should Be Rejected.

Defendant's arguments relating to whether or not REFLECTIONS CENTER FOR SKIN AND BODY is a unitary mark are wholly inapplicable to the instant case and the issue of whether Defendant continuously (or ever) used the REFLECTIONS mark in commerce[7] and Defendant has not pointed to a single case that stands for the proposition that use in commerce of a non-unitary

---

[6] Defendant's arguments regarding the additional third-party registrations is similarly flawed and misrepresents Plaintiff's arguments. *See* Dkt. 26, pp. 11-12. Plaintiff never asserts that these third party marks take priority over Defendant's mark. Rather, Plaintiff uses the PTO's decision as persuasive authority in its likelihood of confusion analysis. *See* Dkt. 24, pp. 4-6. Additionally, Defendant's contention that the Court should give "little weight . . . to an Examiner's unappealed likelihood of confusion determination" is inconsistent with precedent and the cases Defendant itself cites. Because Defendant fails to point to any "relevant evidence not considered by the office that informs the analysis," there is no reason for the Court to disregard the Examiner's decision in this case. *See A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F3d 198, 220-21 (3d Cir. 2000). Further, it is disingenuous for Defendant to argue that the Court should give little to no deference to the PTO on this issue but to treat PTO decisions as authoritative where they might bolster Defendant's arguments. *See* Dkt. 26, p. 13.

[7] Plaintiff does not dispute the fact that New Jersey granted Defendant a registration for the mark REFLECTIONS but rather asserts that Defendant's use of REFLECTIONS CENTER FOR SKIN & BODY does not sufficiently constitute use of its registered mark, REFLECTIONS.

9

mark establishes use of each term contained within independently.[8] Defendant's attempt to isolate the term REFLECTIONS, dissect it into "five possible trademarks," and ignore its whole mark, as used, violates well-settled principles of trademark law. "The commercial impression of a trademark is derived from it as a whole, not from its elements separated and considered in detail. For this reason, it should be considered in its entirety . . . " *Estate of P.D. Beckwith, Inc. v. Comm'r of Patents*, 252 U.S. 538, 545-46 (1920); *Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852, 863 (3d Cir. 1992).

### e. Defendant Has Not Shown That Its Delay in Asserting Its Alleged Rights Was Explained and/or Excusable or That This Delay Did Not Prejudice Plaintiff.

Defendant fails to establish that Plaintiff is not entitled to summary judgment based on a laches defense. Defendant needed to bring its claim within six years of when it learned or should have learned, through the exercise of due diligence, that it had a cause of action. *See N.J. Physicians United Reciprocal Exch. v. Privilege Underwriters, Inc.*, No. CV 15-6911 (FLW), 2016 WL 6126914, at *4 (D.N.J. Oct. 18, 2016). After this time expired, Plaintiff "enjoy[ed] the benefit of a presumption of inexcusable delay and prejudice." *Id.* The burden then shifted to Defendant to prove that its delay in bringing the claim was excusable, and that the delay did not prejudice Plaintiff. *Id.* Defendant has not met this burden.

First, Defendant has not proven that its delay in asserting its alleged rights was explained or excusable. In fact, Defendant concedes that it took no affirmative action to search for competitors prior to April 2016, *nine years* after Plaintiff began using the "New Reflections Plastic Surgery" name in the state where Defendant is located. Dkt. 26, p. 22; Dkt. 24-3 (¶ 1). Defendant admits that no one in the office regularly sought out or searched for competitors, and that its director of

---

[8] Defendant devotes a significant amount of space to discussion of *Family Circle, Inc. v. Family Circle Assoc., Inc.*, 205 F. Supp. 940 (D.N.J. 1962). The holding in that case is inapposite because in this case, Defendant, unlike Family Circle, has never used the term REFLECTIONS separate and apart from the phrase REFLECTIONS CENTER FOR SKIN & BODY.

marketing only performed such a search because some patients allegedly made comments to Dr. Chasin about Plaintiff's practice. Dkt. 26, p. 22. Defendant's complete failure to conduct any diligence to discover a competitor in its own backyard was inexplicable and inexcusable, particularly given that Defendant is a highly developed practice that employs a marketing director and purportedly spent over $1.3 million from 2015-2017 on marketing. *See id.* (¶ 21).

Instead, Defendant incorrectly contends that there was no delay in asserting its rights. As the cases cited by Defendant state, "the relevant date for quantifying 'delay' is when the trademark owner either knew or should have known of the existence of a provable claim of infringement." *Covertech Fabricating, Inc. v. TVM Bldg. Prods.*, 855 F.3d 163, 175-76 (3d Cir. 2017). The trademark owner "is chargeable with such knowledge as he might have obtained upon inquiry, provided the facts already known by him were such as to put upon a man of ordinary intelligence the duty of inquiry." *Johnson v. Standard Mining Co.*, 148 U.S. 360, 370 (1893). Here, the undisputed facts establish that Defendant should have known about Plaintiff's mark because, *inter alia*, Plaintiff had a conspicuous presence on the internet, in print media, and at plastic surgery conferences and events throughout Defendant's region, and because Plaintiff had taken extensive measures to market its business and increase its visibility. *See* Dkt. 24, pp. 10-11. If Defendant had taken the minimal step of Googling "new jersey plastic surgeon," "plastic surgery New Jersey," or "Reflections Plastic Surgery," it would have been informed of Plaintiff's existence well before mid-2016. *See* Dkt. 24-2 (Ex. D-17, D-18, D-20). Defendant simply cannot claim that its ignorance of Plaintiff's existence was reasonable or justified.

Furthermore, Defendant fails to meet its burden of establishing that its delay in asserting its alleged rights was not prejudicial. Defendant seems to argue that because "Plaintiff and Reflections were unaware of each other until roughly the same time[,] . . . [s]uch lack of

11

knowledge by both parties cannot be said to have created a sense of security by Plaintiff regarding its use of the mark." Dkt. 26, p. 25. Whether Plaintiff had knowledge of Defendant is immaterial. Rather, the undisputed facts show that Plaintiff spent significant time and expense marketing and growing its business and creating goodwill. *See* Dkt. 24, pp. 13-14. Because the undisputed facts demonstrate an unexplainable and inexcusable delay by Defendant in exercising its alleged rights, and this delay prejudiced Plaintiff, the Court should grant summary judgment in favor of Plaintiff.

### III. CONCLUSION

For these reasons, Plaintiff requests that the Court grant its Motion for Summary Judgment.

Dated: June 11, 2018                                    Respectfully submitted,

                                                                                s/ Dariush Keyhani
                                                                               Dariush Keyhani (DK-9673)
                                                                               Meredith & Keyhani, PLLC
                                                                               125 Park Avenue, 25th Floor
                                                                               New York, New York 10017
                                                                               Tel. (212) 760-0098
                                                                               Fax (212) 202-3819
                                                                               dkeyhani@meredithkeyhani.com
                                                                               *Attorneys for Plaintiff*