THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW REFLECTIONS PLASTIC SURGERY, LLC § § § Plaintiff, § § vs. § REFLECTIONS CENTER FOR SKIN AND BODY, PC, § § § Defendant. § § § § § § § § | Civil Action No. 3:16-cv-08523-FLW-TJB JURY TRIAL DEMANDED |

**NEW REFLECTIONS PLASTIC SURGERY, LLC'S RESPONSE TO REFLECTIONS CENTER FOR SKIN AND BODY PC'S SUPPLEMENTAL STATEMENT OF DISPUTED FACTS**

Pursuant to Local Civil Rule 56.1, Plaintiff New Reflections Plastic Surgery, LLC ("New Reflections Plastic Surgery" or "Plaintiff"), files this response to Reflections Center for Skin and Body PC ("Reflections Center" or "Defendant")'s supplemental statement of alleged disputed material facts set forth in Dkt. No. 26-19.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL STATEMENT OF DISPUTED MATERIAL FACTS**

1. Reflections and Plaintiff both perform the same or similar services through a cosmetic medicine practice. (Exh. O (Patel Dep. 39:6-11), Exh. A (Chasin Dep. 37:13-38:6), Exh. B (Chasin Decl ¶ 2).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 1. Plaintiff's services include comprehensive invasive and noninvasive cosmetic procedures for the face, breast, and body including breast augmentation, thigh and arm lifts, rhinoplasty, face lifts, and ab sculpting. Dkt. No. 13 at 4; Plaintiff's Responses and Objections to Defendant's First and Second set of

1

Interrogatories at No. 7 (May 18, 2017).  Defendant is a medical spa and offers skin and body treatment services including microderm abrasion, body/skin treatments, and massages.  Dkt. No. 13 at 4; Ex. F..

2. Reflections has spent more, by orders of magnitude, as compared to Plaintiff on marketing. Reflections expenditures have exceeded $1.3 million from 2015-2017. (Exh. B (Chasin Decl ¶ 21).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 2.  It is unclear how much Defendant has actually spent on marketing as Defendant has not produced any financial records to support his self-serving declaration.  Furthermore, the citation referenced by Defendant does not support the statement that Defendant has spent more "by orders of magnitude" as compared to Plaintiff on marketing.

3. Since adopting the name "Reflections Center for Skin and Body," Reflections and its patients have used "Reflections" on its own to refer to its practice. (*Id.* ¶¶ 9, 11-13, Exh. C (REFLEC-000129).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 3.  The citations referenced by Defendant, including marketing material generated by Defendant, do not support the statement Defendant's patients have used "Reflections" on its own to refer to its practice.  Defendant has not presented any evidence other than Dr. Chasin's equivocal and self-serving statement that "it is my understanding that patients refer to the practice as 'Reflections.'"  Dkt. No. 26-3 at 9, 11-13.

4. Since adopting the name "Reflections Center for Skin and Body," all signage,

marketing materials, website usage, business cards, and the like utilized a stylized form, which consisted of the word "Reflections" in large font above the words "Center for Skin and Body" similar to the following:



(Exh. B (Chasin Decl ¶¶ 3-7).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 4. The exterior signs at both of Defendant's locations and the signs in both of Defendant's reception areas read "Reflections Center for Skin and Body" and all words are legible at a distance. *See* Ex. A.[1] Further, Defendant uses the words of its mark together as equals in size all the time. *See* Ex. B. Defendant's social media accounts, which it uses to promote its services to current and prospective customers, similarly refer to Defendant as "Reflections Center for Skin and Body." *See* Ex. B. Additionally, Dr. Ian Brodrick, the former co-owner of Defendant's practice, could not recall the name REFLECTIONS ever being used by the business. Deposition of Ian Brodrick, M.D. (Feb. 9, 2018) (Dkt. No. 24-5) at 25:23-26:15. Rather, he recalled that the name "Reflections Center for Skin and Body" "was always together," as was the name "Reflections of Livingston." *Id.* at 42:7-43:6. Defendant's website domain name is www.reflectionscenter.com.

---

[1] Plaintiff's citations to Exhibits are found in the Declaration of Anya S. Engel being filed concurrently herewith.

Defendant filed for federal registration of the mark "REFLECTIONS CENTER FOR SKIN & BODY"—not for the mark "REFLECTIONS."  Ex. C.

5. Recently, Reflections changed the words used beneath "Reflections" as follows:



(*Id.* ¶ 8.)

**RESPONSE:**

Plaintiff does not dispute that Defendant has created a new logo with different phrasing, but Defendant has not presented evidence that it uses this logo in advertising.  Defendant continues to use the REFLECTIONS CENTER FOR SKIN AND BODY mark and the image it references in paragraph 4 on its website, social media, and other marketing.  *See* Ex. A and B.

6. The sign appearing on the buildings for both locations of Reflections has the word "Reflections" in much larger print as compared to the wording beneath it. (*Id.* ¶ 7.)

**RESPONSE:**

Plaintiff disputes Defendant's characterization of the size of print used in its signage.  All wording on Defendant's signage is legible from a distance and Defendant uses the words together in equal sizes in its other marketing.  Ex. A and Ex. B.

7. When Reflections opened its second location in Livingston, New Jersey, it was referred to as Reflections of Livingston at the business level, but used the same name and signage as the original Reflections Center for Skin and Body in Bridgewater. (*Id.* ¶ 6, Exh. D (Brodrick Dep. 43:15-22).)

**RESPONSE:**

Undisputed.

8. Patients have referred to the Defendant in this case as "Reflections." (Exh. B (Chasin Decl. ¶ 11).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 8. Defendant has not presented any evidence other than Dr. Chasin's equivocal and self-serving statement that "it is my understanding that patients refer to the practice as 'Reflections.'" Dkt. No. 26-3 at 9, 11-13.

9. The REFLECTIONS mark subject to this dispute has been and continues to be in use in the State of New Jersey since at least 2000. (*Id.* ¶ 13.)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 9. Defendant has never used the REFLECTIONS mark in commerce. To the extent Defendant has used the mark REFLECTIONS CENTER FOR SKIN & BODY, the citation referenced by Defendant does not support the statement that it was used prior to December 2000. Defendant's owner, Mitchell Chasin, made a declaration under oath to the USPTO that Defendant first used the REFLECTIONS CENTER FOR SKIN & BODY mark on December 10, 2004.

10. The trademark application to register REFLECTIONS CENTER FOR SKIN & BODY was applied for by a former office manager at Reflections without the knowledge or approval of Dr. Chasin. (*Id.* ¶15, Exh. A (Chasin Dep. 137:6-138:7, 146:13-147:12).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 10. Mitchell Chasin is listed as the correspondent on the federal trademark registration. The registration was applied for in Dr. Chasin's name—not the company's name, and there were numerous correspondences between

5

the PTO and Reflections Center for Skin and Body (including an envelope addressed to Dr. Chasin).  *See* Ex. C.  Furthermore, Dr. Chasin attested that the information contained within the application was correct and paid a registration fee.  *See* Ex. C.

11.   The trademark application to register REFLECTIONS CENTER FOR SKIN & BODY stated December 10, 2004 as an incorrect date of first use. (Exh. B (Chasin Decl. ¶ 15), Exh. A (Chasin Dep. 137:6-16).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 11.  Dr. Chasin declared under oath to the USPTO that Defendant first used the REFLECTIONS CENTER FOR SKIN AND BODY mark on December 10, 2004.  Ex. C.

12.   The Trademark Office refused registration of REFLECTIONS CENTER FOR SKIN & BODY over two marks (U.S. Reg. Nos. 3,216,579 (REFLECTIONS MEDSPA) and 3,460,732 (RD REFLECTIONS DERMATOLOGY & CENTER FOR SKIN CARE)), which were cited as likely to cause confusion with the applied for mark. (Dkt.24-4.)

**RESPONSE:**

Undisputed.

13.   The REFLECTIONS mark subject to the present dispute has a date of first use before U.S. Reg. Nos. 3,216,579 and 3,460,732. (Exh. B (Chasin Decl. ¶¶ 13, 16, 17).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 13.  The citations referenced by Defendant do not support the statement that REFLECTIONS has a prior use before U.S. Reg. Nos. 3,216,579 and 3,460,732.  Defendant has never used the REFLECTIONS mark in commerce.  Plaintiff does not dispute that the applied for mark, REFLECTIONS CENTER FOR

6

SKIN AND BODY, has a date of first use before U.S. Reg. Nos. 3,216,579 and 3,460,732.

14. The REFLECTIONS mark subject to the present dispute would not be confused with U.S. Reg. No. 3,216,579. (*Id.* ¶ 16.)

**RESPONSE:**

Plaintiff disputes paragraph 14 to the extent the USPTO found U.S. Reg. No. 3,216,579 is likely to cause confusion with respect to Defendant's applied for REFLECTIONS CENTER FOR SKIN AND BODY mark for purposes of registration. Ex. C.

15. The REFLECTIONS mark subject to the present dispute would not be confused with U.S. Reg. No. 3,460,732. (*Id.* ¶ 17.)

**RESPONSE:**

Plaintiff disputes paragraph 15 to the extent the USPTO found U.S. Reg. No. 3,460,732 is likely to cause confusion with respect to Defendant's applied for REFLECTIONS CENTER FOR SKIN AND BODY mark for purposes of registration. Ex. C.

16. U.S. Reg. No. 3,164,379 for REFLECTIONS to Brandywine Senior Care, Inc. is not used in connection with the services specified in Reflections' trademark registration, including skin and body treatment services, including microdermabrasion, body/skin treatments, massages, etc. (*Id.* ¶ 14, Exhs. F (N.J. State Trademark Reg. 20852 Certif. (REFLECTIONS), K (Brandywine Reg. Certif U.S. Reg. No. 3,164,379), L (Brandywine website printouts).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 16. Defendant's trademark registration is for Class 42, which applies to "Computer, scientific & legal" services. Dkt. No. 24-4 at 18-24; Ex. G. U.S. Reg. No. 3,164,379 is registered under Class 44, which applies to "Medical services; veterinary services; hygienic and beauty care for human beings or animals;

7

agriculture, horticulture and forestry services." Ex. G.; Dkt. No. 24-4 at 26.  Plaintiff disputes paragraph 16 as the services specified in Defendant's REFLECTIONS registration (skin and body treatment services, including microdermabrasion, body/skin treatments, massages) fall within Class 44's "medical services or beauty care," which is the class in which U.S. Reg. No. 3,164,379 is registered under.  Ex. G.; Dkt. No. 24-4 at 26.

17. Brandywine Senior Care, Inc. does not utilize its REFLECTIONS mark for any cosmetic procedures offered to patients. (Exh. B (Chasin Decl. ¶ 14), Exh. L (Brandywine website printouts).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 17.  In his deposition, Dr. Chasin admits that cosmetic procedures include "skin disease, suturing repair of wounds, and a multitude of skin issues" and "repair of a skin wound on the face is a cosmetic procedure, yes." Ex. I at 30:1-31:4.  Brandywine offers such services, including 24/7 onsite nursing and medical care under its REFLECTIONS mark.  Ex. E and H.

18. Reflections and Dr. Chasin is not aware of any instances of actual confusion between its REFLECTIONS mark and the Brandywine Senior Care, Inc. REFLECTIONS mark. (Exh. B (Chasin Decl ¶ 14).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 18.  The citation referenced by Defendant does not support the statement that Reflections is not aware of any instances of actual confusion between its mark and the Brandywine REFLECTIONS mark nor does it prove that there are no instances of actual confusion between Defendant's mark and Brandywine's REFLECTIONS because this information is not information Dr. Chasin would necessarily have

8

firsthand knowledge about..

19.     Reflections first became aware of Plaintiff in April 2016. (*Id.* ¶ 18, Exh. A (Chasin Dep. 113:23-114:2).)

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 19.  The citations referenced by Defendant do not support the statement that Reflections first became aware of Plaintiff in April 2016.

20.     Reflections became aware of Plaintiff when its director of marketing noticed Plaintiff while searching on the internet.  (Exh. B (Chasin Decl ¶ 18), Exh. A (Chasin Dep. 114:5-7).)

**RESPONSE:**

Undisputed.

21.     Reflections took action and policed its REFLECTIONS mark upon becoming aware of Plaintiff by first calling Plaintiff and subsequently sending a cease and desist letter. Exh. B (Chasin Decl ¶¶ 19, 20) Exh. J (Def.s' Resp. Interrog. Nos. 1, 3).

**RESPONSE:**

Plaintiff disputes the allegations contained in paragraph 21.  Defendant did not begin policing its mark until April 2016 and its failure to do so before that time was unreasonable.  *See* Dkt. No. 26-2 (Chasin Dep. 114:8-125:25), Dkt. No. 26-11 (Def. Interrog. Resp. No. 3).

9